[L. A. No. 7906. In Bank.—September 24, 1925.]

LOS ANGELES TRUST & SAVINGS BANK (a Corpo-
ration), Plaintiff, Cross-defendant and Appellant, v.
SHIRLEY C. WARD et al., Defendants, Cross-com-
plainants, Cross-defendants, and Respondents; WAL-
TER H. FISHER, Defendant, Cross-complainant,
Cross-defendant, and Appellant; THE GRAND AVE-
NUE COMPANY (a Corporation), Cross-complainant,
Cross-defendant, and Appellant; DELIA GILMAN,
Cross-defendant and Respondent.

[1] Attorney's Fees—Interpleader—Section 1021, Code of Civil
Procedure.—Interpleader is not one of those actions where counsel
fees are expressly allowed by statute, and in view of the plain
import of the provisions of section 1021 of the Code of Civil Pro-
cedure, a plaintiff in an interpleader action is not entitled to be
compensated for the attorneys' fees incurred in the prosecution
thereof.

[2] Escrow—Trusts—Inapplicability of Section 2273, Civil Code,
to Escrow-holder.—Conceding that there may be some similarity
between the duties of an escrow-holder and those of a trustee,

---

2. See 25 Cal. Jur. 337.

nevertheless this does not render applicable to an escrow-holder the provisions of section 2273 of the Civil Code, wherein it is declared: "A trustee is entitled to the repayment, out of the trust property, of all expenses actually and properly incurred by him in the performance of his trust. He is entitled to the repayment of even unlawful expenditures, if they were productive of actual benefit to the estate."

[3] ID.—ESCROW-HOLDER NOT "EXPRESS TRUSTEE" UNDER SECTIONS 2250 AND 2273, CIVIL CODE.—An escrow-holder is not an "express trustee" within the meaning of that term as found in sections 2250 and 2273 of the Civil Code.

(1) 15 C. J., p. 114, n. 88, 89; 21 C. J., p. 878, n. 32, 33, 34, 35, 36; 33 C. J., p. 470, n. 49 New.    (2) 33 C. J., p. 470, n. 49 New. (3) 33 C. J., p. 470, n. 49 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

O'Melveny, Millikin, Tuller & Macniel, W. K. Tuller and John O'Melveny for Appellant Los Angeles Trust & Savings Bank.

Joseph Musgrove for Appellants Walter H. Fisher and The Grand Avenue Company.

Chandler P. Ward for Respondents Shirley C. Ward and Annie E. Ward.

F. A. Stephenson for Respondent Delia Gilman.

LAWLOR, Acting C. J.—This is an action of interpleader. The defendant Shirley C. Ward was lessee of certain premises situated in the city of Los Angeles under a lease from the owner, Delia Gilman. The premises were sublet by said defendant to the defendant Walter H. Fisher. Subsequently, by written agreement of the two named defendants, the plaintiff was made escrow-holder of a certain agreement dated August 19, 1918, entered into and executed, in duplicate, by them. This agreement modified in certain particulars the rights and obligations of the parties thereto

3. See 10 Cal. Jur. 587; 10 R. C. L. 633.

in and to the premises referred to above. By the terms of the escrow agreement the plaintiff was instructed, upon the faithful performance by defendant Walter H. Fisher of the conditions of said agreement of August 19, 1918, and of the escrow agreement executed by both parties, to deliver to said Walter H. Fisher one of such instruments and the other to the defendant Shirley C. Ward; but, should Walter H. Fisher fail to fully and faithfully perform all of the conditions and covenants of said agreements, then, and in that event, the plaintiff, as escrow-holder, was to remove the signatures from said instruments, mark the same "canceled," and return them to the defendant Shirley C. Ward.

Thereafter, and before any delivery of the instruments had been made, it was insisted by the defendant Shirley C. Ward that the defendant Walter H. Fisher had failed to comply with the conditions precedent to a delivery of the instrument of August 19, 1918, wherefore he demanded that said instrument be marked canceled and returned to him. On the other hand, Walter H. Fisher claimed that he had fully and faithfully performed all of the conditions precedent to a delivery and demanded delivery of the instrument in accordance with the terms of the escrow agreement. Plaintiff, being unable to determine which of the conflicting claims was the correct one, commenced this action of interpleader.

The Grand Avenue Company was brought into the action as assignee of the defendant Walter H. Fisher's interests. Plaintiff had judgment upon its complaint in interpleader against the defendants. Judgment went for Shirley C. Ward on his cross-complaint against the cross-defendants Walter H. Fisher and The Grand Avenue Company and the appeal of the latter was later dismissed. The trial court allowed the plaintiff its court costs but refused its prayer for attorneys' fees in the matter. Thereupon this appeal was instituted to secure an order directing the trial court to modify its judgment by allowing appellant a reasonable attorneys' fee.

As stated by the appellant, "This appeal involves only one question, namely, the right of appellant to be reimbursed for its attorneys' fees reasonably and necessarily incurred in the bringing and prosecution of this action. . . . "

Two theories are advanced by the appellant under either of

which, it is contended, it is entitled to recover the reasonable attorneys' fees in the prosecution of this action. By the first of these theories it is urged that the privileges and duties of an escrow-holder are closely analogous to those of a trustee of an express trust and that under the provisions of section 2273 of the Civil Code, "A trustee is entitled to the repayment out of the trust property of all expenses actually and properly incurred by him in the performance of his trust. . . . " Authorities, of this and other states, are cited which contain declarations to the effect that the duties of an escrow-holder resemble those of a trustee in that the *res* is held for a particular purpose and is to be delivered only upon the happening of a specified act or event. It is contended that "These authorities are sufficient, we trust, to establish the proposition that the bank was holding as trustee of an express trust and that, therefore, by virtue of the specific statute above cited . . . is entitled to be reimbursed for the expenses necessarily incurred by it in bringing and prosecuting this action. One of these necessary expenses was, of course, a reasonable compensation to its attorneys for the legal services necessarily performed."

The second theory of appellant suggests that "Entirely aside from the question whether plaintiff is entitled to this reimbursement as a technical trustee it is so entitled under general principles." Hereunder, numerous authorities of outside jurisdictions are quoted from, wherein it is held that a plaintiff in an interpleader action is entitled to the reasonable attorneys' fees incurred therein.

By way of reply to the appellant's first theory of recovery, the respondents urge that the cases cited thereunder by appellant merely declare a similarity exists between the *duties* of a trustee and an escrow-holder but do not state that this similarity exists as to their respective *rights*. It is then contended that "If there be any doubt in the mind of the court that by calling an escrow-holder for hire a 'trustee,' it can recover attorneys' fees out of the funds in its hands, whether the same be incurred in performance or in violation of the terms of the trust, we submit that reference to section 1021 of the Code of Civil Procedure should eliminate this doubt. This section specifically covers the question of

attorneys' fees and applies *as well to trustees* as to escrow-holders and individuals in their private capacities."

In answer to appellant's second theory, the respondents state that "Attorneys' fees are not statutory 'costs' and are not recoverable as such, *Brooks* v. *Forington,* 117 Cal. 219, 221 [48 Pac. 1073]. They can only be recovered when provided for by contract or by statute, Civil Code [Code of Civil Procedure?], Sec. 1021. Our statute provides for the recovery of attorneys' fees by the plaintiff in certain enumerated cases, but an action in interpleader is not named among these cases." It is then asserted, in effect, that the existence of section 1021 of the Code of Civil Procedure precludes the application of the principle announced by the authorities from other states cited by appellant.

Section 1021 of the Code of Civil Procedure provides: "The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided."

In 7 Cal. Jur., at page 286, section 27, it is said: "The general rule is that attorney's fees are not recoverable by a successful party to an action either at law or in equity; except in the instances where they are expressly allowed by statute."

Again, in *Miller* v. *Kehoe,* 107 Cal. 340, 343 [40 Pac. 485], the rule is declared to be that counsel fees are not recoverable by a successful party in an action either at law or in equity except in the enumerated instances where they are expressly allowed by statute. Other authorities to the same effect are: *Williams* v. *MacDougall,* 39 Cal. 80, 85; *Bates* v. *County of Santa Barbara,* 90 Cal. 543, 548 [27 Pac. 438]; *Salmini* v. *Juri,* 96 Cal. 418, 420 [31 Pac. 365]; *Commercial Savings Bank* v. *Hornberger,* 140 Cal. 16, 22 [73 Pac. 625]; *City Investment Co.* v. *Pringle,* 49 Cal. App. 353, 355 [193 Pac. 504].

[1] Interpleader is not one of those actions where counsel fees are "expressly allowed by statute" (Code Civ. Proc., sec. 386), and in view of the plain import of the provisions of section 1021 of the Code of Civil Procedure, we are of the opinion that a plaintiff in such an action is not entitled to be compensated for the attorneys' fees incurred in the

prosecution thereof. In announcing this rule we are not unmindful of the numerous authorities of other jurisdictions cited by appellant to the effect that a plaintiff in an interpleader action may recover reasonable counsel fees. It may be added, however, that there appears to be a decided conflict on this point among the authorities. But, in this state, section 1021 of the Code of Civil Procedure is conclusive upon the point and expressly leaves the question of counsel fees to the agreement of the parties where not provided for by statute.

It having been determined that a plaintiff in an interpleader action is not entitled to counsel fees, it becomes necessary to decide whether or not appellant is entitled to such fees as a "trustee" within the meaning of section 2273 of the Civil Code.

In 10 Ruling Case Law, page 633, section 15, it is stated that "In a broad sense, every depositary of an escrow is the agent of both parties. For the purpose of making delivery upon the performance of the conditions he is no less the agent of the grantee than the agent of the grantor. Strictly speaking, however, the depositary is not an agent at all, but rather the trustee of an express trust, with duties to perform for each of the parties, and which neither can forbid without the consent of the other. . . . "

The foregoing quotation is taken almost *verbatim* from *Seibel* v. *Higham,* 216 Mo. 121 [129 Am. St. Rep. 502, 115 S. W. 987, 990], cited by appellant. An examination of that case discloses that the court had in mind, when it made the above declaration, the situation where the escrow-holder is to deliver the instrument to the grantee upon the grantor's death and the court goes on to say that if the escrow-holder was said to be merely the agent of the grantor, in such a case, "his agency would cease on the grantor's death, and he would have no authority to receive the purchase money from the grantee and deliver the deed."

A similar statement is found in 10 Cal. Jur., page 587, section 11, where it is said that "The duties of the depositary are those of an agent and as such he acts for both parties to the escrow. He is, however, more than a mere agent, especially where a deed is deposited in escrow with him to be delivered to the grantee *upon the death of the grantor,* for if he were merely an agent the death of the

grantor would terminate his agency and authority to deliver. By the creation of such an escrow he becomes the trustee of the grantee with the duty of holding the deed in his possession until the death of the grantor, whereupon he must deliver it to the grantee. He likewise, as trustee for the grantor, is charged with the duty of withholding the deed from the grantee and thus preserving for the grantor a life estate in the property. If the transaction is lacking in some of the elements necessary to create a valid escrow, as, for example, where a deed has been delivered to the depositary without an agreement by the grantee to purchase and pay the purchase price, the depositary does not become the agent of the grantee but only of the grantor and as such his authority is revoked by the death of the grantor. After the creation of an escrow the grantor may instruct the depositary to deliver the deed to the grantee upon conditions contrary to the original escrow conditions. Thereupon the depositary becomes and acts as the agent of the grantor and not as the agent of the grantee. There is nothing, however, in the status of the depositary which makes it a violation of the duties he owes to the parties to the escrow if he becomes the purchaser of the escrowed property. He then takes, of course, subject to the conditions of the escrow." (Italics added.)

It is readily apparent from each of these quotations that the escrow-holder is referred to as a "trustee" *only* in those instances where he is to deliver a deed to the grantee upon the death of the grantor and he is so regarded merely to preclude the termination of his authority upon the grantor's death; in all other cases an escrow-holder is referred to as the "agent" of the parties. This reasoning would also apply to *Estate of Cornelius,* 151 Cal. 550, 552 [91 Pac. 329, 330], cited by appellant, where it is declared: "Upon the facts stated the deed became an executed conveyance upon the delivery to Bartholomew for the grantees. He was thereafter holding for them as their trustee, and for the grantor as her trustee. His duty to her was to withhold it from the grantees during her lifetime and thus preserve to her, in effect, a life estate in the property. His duty to the grantees was to hold the deed in his possession until her death and then deliver it to them. . . . " Here, again, the escrow-holder is referred to as a "trustee," so that his

authority may be·held to survive the death of the grantor
and thus validate a subsequent delivery to the grantee.
However, it cannot be said that this case is authority for the
proposition that an escrow-holder is a "trustee" in any
sense other than to make delivery after the death of the
grantor notwithstanding that in many instances the terms
"agent" and "trustee" are used interchangeably.   Though,
as indicated, an escrow-holder has, at times, been referred to
as a "trustee," in most instances he is looked upon as the
mere *agent* of the parties.   In 21 Corpus Juris, page 878,
section 24, it is stated: "Until the escrow contract has been
made, the depositary has no rights or authority enforceable
at law, but when it has been made and the instrument de-
posited, he becomes the agent of both parties, and the death
of a party prior to the performance of the condition, does
not affect the depositary's obligation to perform the duties
imposed upon him by the escrow contract,   When the condi-
tion upon which the instrument is to take effect *is per-
formed,* the depositary becomes a mere agent or trustee of
the grantee and his possession is equivalent to possession by
the grantee." (Italics added.)   It is apparent from this quo-
tation that an escrow-holder is regarded as· an "agent";
and, that he is called a "trustee" only where the condition
has been performed; the grantee then being entitled to de-
livery, the capacity of the escrow-holder is, in effect, changed
and he becomes a trustee of the instrument for the grantee.

[2]   Therefore, conceding that there may be some simi-
larity between the duties of an escrow-holder and those of a
trustee, nevertheless, we do not think this would render ap-
plicable the provisions of section 2273 of the Civil Code,
wherein it is declared: "A trustee is entitled to the repay-
ment, out of the trust property, of all expenses actually and
properly incurred by him in the performance of his trust.
He is entitled to the repayment of even unlawful expendi-
tures, if they were productive of actual benefit to the
estate."   [3]   This section, it is true, lays down the rule
of law applicable to trustees generally, but, in our opinion,
section 2250 of the Civil Code, being a part of the same
chapter as section 2273, confines the rule to *express* trustees.
Section 2250 reads: "The provisions of this chapter apply
only to express trusts, created·for the benefit of another
than the trustor, and in which the title to the trust prop-

erty is vested in the trustee; not including, however, those of executors, administrators, and guardians, as such.'' It cannot be maintained that an escrow-holder is an *express trustee* within the meaning of the provisions of these sections of the Civil Code. It would seem that he is designated as a ''trustee'' for purposes of convenience to avoid a lapse of his authority upon the death of the grantor.

Having concluded that an escrow-holder is not an ''express trustee'' within the meaning of that term as found in section 2250 and 2273 of the Civil Code, it becomes unnecessary to consider the case of *Mitau* v. *Roddan,* 149 Cal. 1 [6 L. R. A. (N. S.) 275, 84 Pac. 145], wherein it is held that a *trustee* is entitled to reimbursement for counsel fees necessarily expended in the conduct of an action properly brought.

Our conclusion also renders unnecessary any discussion of respondents' contention that ''the record is utterly destitute of proof of the reasonable value of the services rendered by the appellant, as well as the nature and extent of the services and the time devoted thereto.''

The judgment appealed from is affirmed.

Waste, J., Shenk, J., Richards, J., Lennon, J., Seawell, J., and Houser, J., *pro tem.,* concurred.

Rehearing denied.

Lennon, J., dissented.

Myers, C. J., deeming himself disqualified, did not participate.