[Civ. No. 6091. First Appellate District, Division One.—February 10, 1930.]

FRED C. PETERSON, Plaintiff and Respondent, v. ROSS R. CHORLEY et al., Appellants; GEORGE K. FORD, Defendant and Respondent.

Brobeck, Phleger & Harrison and George B. Keane for Appellants.

Stanley R. Sterne for Plaintiff and Respondent.

Elliott Johnson and M. M. Bourquin for Defendant and Respondent.

THE COURT.—An action to determine the respective interests of the defendants in a fund in the possession of the plaintiff.

The facts are as follows: Peter J. McGovern, who died on March 15, 1922, by his last will disposed of a portion of his estate; the residue passed by the law of succession to his heirs, among whom was his sister Bridget Cullen. The lat-

ter executed to E. A. Platt a power of attorney to act for her in the matter of the estate, and also assigned to him one-third of her interest therein. In June, 1922, Platt executed his power of attorney to defendant McColgan, giving him full power to act under the Cullen assignment and power of attorney, the purpose being to secure the repayment to McColgan of sums loaned to Platt. Defendant Ford, an attorney representing Mrs. Cullen, Platt and one Blakemore, appeared in the proceeding and procured a partial distribution of the estate. Shortly thereafter Isidor Golden, an attorney, was substituted for Ford as the attorney for Mrs. Cullen, and the latter thereupon instituted an action against Platt and all those to whom he had given powers of attorney or assignments, including defendant McColgan, to cancel and annul her assignment to Platt and to quiet the title to her interest in the McGovern estate against the various claimants. The plaintiff, who was also an attorney, appeared in the action upon behalf of several of the defendants, including Ford and McColgan. The action was compromised, and all claimants under the assignment to Platt, including defendant Ford, agreed to accept in satisfaction of their claims the sum of $500 and five per cent of Mrs. Cullen's distributive share of the estate.

The plaintiff claimed, and the court found, that by agreement with the parties he was to receive as compensation for his services in the litigation five per cent of all sums collected by him under the compromise agreement. In accordance with the latter agreement the executor of decedent's will paid to the plaintiff by check the sum of $2,000, which check he in turn indorsed to McColgan, who thereupon paid him five per cent thereof, or $100. Subsequently, the executor paid plaintiff the further sum of $2,161.46, which, after deducting the percentage claimed by him, namely, $108.07, he deposited in his commercial bank account. Thereafter defendants asserted conflicting claims thereto, and the present action was brought to determine these claims.

The compromise agreement was evidenced by a letter signed by the defendants and directed to the executor, its material portions being as follows: " . . . It is the express understanding and agreement of the parties signatory hereto that the said sum of $500 plus the said five (5%) per cent is a payment in full to all of the persons who have filed

notices of assignment or who have made claims adverse to the rights and interests of said Bridget Cullen in said estate, or on whose behalf such notices have been filed or claims made; and it is further understood that it is likewise in full payment of all moneys coming to the undersigned George K. Ford for services rendered by him on behalf of Bridget Cullen herein.''

The court found that defendant Ford had at the request of Platt and Mrs. Cullen rendered services in securing a partial distribution of the estate, and that the services were reasonably worth $1,050. It also found that plaintiff necessarily expended $275 as attorneys' fees and $56 as costs in the present case, but should be charged with interest in the sum of $130.69 upon the balance remaining in his hands. The judgment directed that after deducting the difference between the amounts allowed as attorneys' fees and costs and the sum charged as interest the balance should be paid as follows: to defendant George K. Ford $1,050, and to defendants R. McColgan and Ross R. Chorley the sum of $803.08.

McColgan and Chorley have appealed from portions of the judgment. They contend that plaintiff was not entitled to attorneys' fees or a commission, and that the court erred in awarding defendant Ford any part of the fund.

It is undisputed that McColgan and Platt shared in the interest in the estate acquired by the latter from Mrs. Cullen, and that Ford—who had frequently acted in similar transactions for McColgan—was employed to protect the interests of Platt and Mrs. Cullen, all of which McColgan knew. These circumstances taken with the compromise agreement, which impliedly recognized Ford's claim to a part of the fund, sufficiently supported the conclusion of the trial court that he was to be paid therefrom the reasonable value of his services; and the evidence also supports the finding that the plaintiff by agreement of the parties was entitled to the commission claimed by him. Plaintiff's testimony shows that he was either paid his commission when the collection was made or that the amount was deducted by him at the time, and that when the action was brought there remained in his hands a balance of $2,053.39, upon which he was entitled to no further commissions.

The original complaint was filed by a firm of attorneys of which plaintiff was a member. Thereafter an amended complaint praying for additional compensation was filed by another attorney, for whose services an allowance from the fund was asked. The pleadings alleged that plaintiff was threatened with litigation by the defendants; that their claims were conflicting and that the present suit was necessary in order to determine the same.

It was shown that plaintiff had no duties to perform other than to collect the amounts paid by the executor, and the trial court denied the extra compensation sought, but allowed an attorney's fee.

It is clear from the evidence that plaintiff was acting as defendants' agent and bailee. While his duties were in some respects analogous to those of a trustee he was not such within the meaning of section 2250 of the Civil Code, and was not entitled to attorney's fees under section 2273 of the same code. (*Los Angeles Trust & Sav. Bank* v. *Ward*, 197 Cal. 103 [239 Pac. 847].) Notwithstanding there was no denial of certain allegations in the complaint to the effect that plaintiff was a trustee, and that he was so described in a communication from defendant McColgan, the facts show that as to the amounts collected he was but a stakeholder, and the finding that he was a trustee is unsupported. The action in legal effect was but a suit in interpleader, in which case attorney's fees cannot be allowed (Code Civ. Proc., sec. 1021; *Los Angeles Trust & Sav. Bank* v. *Ward*, 197 Cal. 103 [239 Pac. 847]).

It is also the rule that one who has received money for the use of another and is charged merely with the duty of holding the same and paying it over to the proper person, is not, in the absence of an agreement, chargeable with interest unless guilty of bad faith or unreasonable delay (33 Cor. Jur., Interest, sec. 58, p. 202). In the present case no such contentions are made, nor is it claimed that plaintiff received any benefit from the fund; and not being a trustee within the above section of the code, the conclusion that he was legally chargeable with interest cannot be sustained.

It is further contended by appellants that plaintiff having claimed an interest in the fund, the action of inter-

pleader could not be maintained. The action, however, was tried on that theory; all questions between the parties were fully litigated, and the error, if any, was in a matter of procedure. Under such circumstances a judgment cannot be set aside unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error resulted in a miscarriage of justice; and in the present case there is nothing to support that conclusion (*Baker* v. *Miller*, 190 Cal. 263 [212 Pac. 11]).

For the foregoing reasons the judgment is modified by striking therefrom the following paragraphs:

"It is hereby ordered, adjudged and decreed that on the 7th day of August 1924 plaintiff received two thousand one hundred sixty-one and 46/100. ($2,161.46) dollars in trust for the uses and purposes set forth in the findings; that he was entitled to immediately deduct therefrom five per cent thereof, to wit, one hundred eight and 07/100 ($108.07) dollars as compensation to himself for services theretofore rendered; that thereupon he became chargeable with the sum of two thousand fifty-three and 39/100 ($2,053.39) dollars as trustee.

"It is further ordered, adjudged and decreed that plaintiff is entitled to deduct from said sum of two thousand fifty-three and 39/100 ($2,053.39) dollars the sum of two hundred and seventy-five ($275.00) dollars, attorney's fees paid to Stanley R. Sterne, and the sum of fifty-six ($56.00) dollars, costs incurred in this suit.

"It is further ordered, adjudged and decreed that plaintiff held as trustee out of such fund for and on behalf of George K. Ford one thousand and fifty ($1,050.00) dollars.

"It is further ordered, adjudged and decreed that plaintiff is chargeable with interest at seven per cent per annum on one thousand three and 39/100 ($1,003.39) dollars from the 7th day of August 1924 to the date of judgment, which said interest is one hundred thirty and 69/100 ($130.69) dollars.

"It is further ordered, adjudged and decreed that the defendants and cross-complainants R. McColgan and Ross R. Chorley take the balance of the trust fund conveyed, deducting from the said fund the amount herein adjudged to plaintiff as compensation for trustee and for costs of suit and for attorney's fees, and the amount herein adjudged to cross-

complainant George K. Ford, to wit, the balance of such sum, viz., eight hundred three and 08/100 ($803.08) dollars.''

And it is ordered that in lieu thereof the following be inserted therein: It is ordered, adjudged and decreed that on the seventh day of August, 1924, plaintiff received $2,161.46 for the use of defendants McColgan, Chorley and Johnson; that he was entitled to deduct therefrom five per cent thereof, to wit, $108.07 as compensation for services theretofore rendered, and that he thereupon became chargeable with the sum of $2,053.39.

It is further ordered, adjudged and decreed that plaintiff is entitled to deduct from said sum of $2,053.39 the sum of $56, costs incurred in this suit.

It is further ordered, adjudged and decreed that defendants George K. Ford, R. McColgan and Ross R. Chorley have judgment against plaintiff for the balance of said fund in accordance with their respective interests therein, namely, George K. Ford in the sum of $1,050 and R. McColgan and Ross R. Chorley in the sum of $947.39, and that they have execution therefor unless the plaintiff shall within ten days pay said amounts to the county clerk of the city and county of San Francisco, to be applied in satisfaction of said judgments, in which event he shall be discharged from liability to the defendants or any of them.

As so modified the judgment is affirmed; and it is further ordered that the plaintiff and defendants McColgan and Chorley each bear his own costs on appeal.