**CONTINENTAL LIFE INS. CO. v. SAILOR et al.**

District Court, S. D. California, Central Division.

Nov. 25, 1930.

Kidd, Schell & DeLamer, of Los Angeles, Cal., for plaintiff.

Cameron & Perkins, of Long Beach, Cal. (W. E. Cameron, of Long Beach, Cal., of counsel), for defendant Lola V. Sailor.

Robert O'Neill and Arthur J. Speight, both of New York City (Arthur J. Speight, of Los Angeles, Cal., of counsel), for Mary L. Sailor and Max Sailor, minors.

HAZEL, District Judge.

This is an action on an insurance policy issued by plaintiff insurance company to Roger W. Sailor in his lifetime, wherein Lola V. Abel, a widow and the affianced wife of the assured, was named as the sole beneficiary. The marriage was consummated on December 2, 1926, following the date of the policy, and the assured and his wife, now defendant Lola V. Sailor, lived together until the year 1928, when they were divorced. The evidence preponderatingly shows that the insurance policy in question was an absolute gift by delivery from the assured to the said beneficiary in evident contemplation of their marriage, and she thereby, in my opinion, acquired a separate and individual property right therein. Not only has the insurance policy been continuously in her possession since the gift by express words was made to her, but her evidence tends to show that subsequent to her marriage to the assured she contributed to the latter's support and also to the payment of the insurance premiums during the time they lived together. By the donation or gift of the policy to the beneficiary prior to their marriage, the assured divested himself of title and of the right reserved in the policy to change the beneficiary without her knowledge and consent. The law of this state with relation to an insurance policy containing the power of revocation and reserved right to change the beneficiary is, I think, well settled; and when the acts of the assured preponderatingly show a consummated intention that the designated beneficiary should in fact become the owner of the policy, the right of revocation, without first reinvesting him with title or without the consent of the beneficiary, is lost. In such case the interest of the beneficiary is not one of mere expectancy, but her interest is converted and merged into the complete gift. 14 Cal. Jur. 584. Although by the terms of the ordinary contract of insurance, the assured has the reserved right to change the beneficiary, yet, upon making a complete gift of the benefit to be realized on his death, he is deemed to have divested himself of the right of revocation and could not change the beneficiary without her consent. McGlynn v. Curry, 82 App. Div. 431, 81 N.

Y. S. 855. And his subsequent request that the insurance company insert in the policy a new beneficiary and compliance with the request, did not and could not vest a right to the money now due on the policy in a new beneficiary, since the original beneficiary, the defendant Lola V. Sailor, was not a party to the substitution and cannot by such means be deprived of her separate property right in the contract of insurance.

Thus construing the contract and determining the acts of the deceased, the adjudications drawn to my attention by counsel for the infant children of the assured are inapposite. In those cases the court apparently dealt with the interests of the beneficiary under an ordinary policy, deeming it merely an expectancy, and wherein no vested interest by completed gift resulted, and wherein the right to change the beneficiary was retained.

As to allowance of costs to plaintiff insurance company: In this state, treating the action as one of interpleader, counsel fees are not expressly allowed by statute (see Los Angeles Trust & Savings Bank v. Ward, 197 Cal. 107, 239 P. 847); and since plaintiff was aware that Mrs. Sailor was in possession of the policy and had opportunity to ascertain whether she claimed ownership prior to the issuance of a second policy, I feel constrained to refuse the request for counsel fees, or to apply the federal rule as announced in Trustees of Internal Improv. Fund v. Greenough, 105 U. S. 527, 26 L. Ed. 1157. But the fund in the custody of the court should refund to plaintiff the necessary expenses or costs which it paid or was requested to incur, namely, the sum of $45.25, and also the loan made by it to the insured in his lifetime, together with the amount unpaid on premiums.

Findings of fact and conclusions of law may be submitted by defendant Lola V. Sailor, if not waived and deemed necessary. Decree in favor of Lola V. Sailor. So ordered.