[Sac. No. 5200. In Bank.—February 17, 1939.]

PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Respondent, v. JIROKICHI NAKANO et al., Defendants; RETAILERS' CREDIT ASSOCIATION OF SACRAMENTO (a Corporation), Appellant; JIROKICHI NAKANO, Respondent.

John A. McGilvray and Kenneth G. McGilvray for Appellants.

R. H. Schwab and Walter T. Tsukamoto for Respondent.

CURTIS, J.—Action in interpleader. Plaintiff had in its possession the sum of $1,080, being the balance due on a judgment rendered against it and in favor of one Hiroshima for personal injuries. The two defendants laid claim to this money, whereupon plaintiff paid the same into court, and brought this action for the purpose of having it determined

which of the two defendants was entitled to the money. The plaintiff herein, being the defendant in the personal injury action, appealed from the judgment in said action, which was subsequently affirmed. The defendant, the Retailers' Credit Association, claimed to be entitled to said money by virtue of two executions or garnishments levied upon said fund, one pending said appeal, and the other after the judgment in the personal injury action had become final through affirmance. The defendant Nakano claimed to be entitled to said money through and by virtue of an assignment of one-half of said judgment. (The other half had been assigned to the attorneys in the personal injury action in payment of their services, and no question is raised as to the validity of that assignment.) The assignment to Nakano was executed and delivered and notice given to the plaintiff after the levy of the first execution or garnishment, but before the levy of the second execution or garnishment. The trial court rendered judgment in favor of the defendant Nakano, and the Retailers' Credit Association appeals. We shall refer to the plaintiff herein as the plaintiff, to the Retailers' Credit Association as the appellant, and to Nakano as the respondent.

The respondent contends that a judgment rendered in a purely tort action is assignable after its entry and pending the time it is on appeal, and therefore claims that his assignment takes precedence over the subsequent levy of appellant's garnishment. Respondent does not discuss the effect of appellant's prior garnishment of the money in plaintiff's possession. If the debt represented by said judgment was assignable pending the appeal, it was also subject to execution, and upon the service of the first execution or garnishment upon the plaintiff, the rights of the judgment creditor, the appellant in this case, would be prior to the subsequent assignment to respondent of said debt. On the other hand, if this debt was not subject to execution pending appeal therefrom, it was not assignable, and the respondent took nothing by his assignment. Therefore, whether we hold that the judgment was assignable or not assignable, the result in so far as the rights of the parties defendant in this action are concerned is the same. In either case, the appellant's claim to said fund would take priority over the claim of respondent.

However the weight of authority supports the rule that pending an appeal from a judgment rendered in a tort

action, the debt represented by said judgment is not subject to garnishment. (*Arp* v. *Blake,* 63 Cal. App. 362 [218 Pac. 773]; *Waples-Platter Grocery Co.* v. *Texas & P. Ry. Co.,* 95 Tex. 486 [68 S. W. 265, 59 L. R. A. 353]; *Miller* v. *Newell,* 20 S. C. 123 [47 Am. Rep. 833]; 4 Am. Jur., p. 685, sec. 206.)

The case of *Arp* v. *Blake, supra,* is on all-fours with the instant action. The facts in that case show that Blake recovered a judgment against Arp in a tort action. Arp appealed from the judgment, and pending the appeal a third party instituted an action against Blake in which an attachment was issued and served on Arp purporting to attach and garnishee all debts, credits, etc., belonging to Blake in the possession of Arp. Under this attachment, the plaintiff in the attachment suit claimed to have garnisheed the claim for damages in the case of *Blake* v. *Arp.* The judgment in the action of Blake against Arp was subsequently affirmed. It was held that the garnishment having been served pending an appeal from the judgment was of no validity, that the effect of that appeal was to deprive the judgment of its finality, and to keep alive the case as one of tort as it existed before the judgment was rendered. (See, also, 4 Am. Jur., p. 686, sec. 206.) Under these authorities the first execution or garnishment levied by the appellant upon the judgment against Hiroshima must be declared invalid and of no legal effect.

The further question is then presented as to the validity of the assignment by Hiroshima of the one-half of said judgment to respondent, which assignment was also made pending the appeal from said judgment. It is well settled in this jurisdiction that a purely tort claim is not assignable. (*Wikstrom* v. *Yolo Flyers Club,* 206 Cal. 461, 463 [274 Pac. 959]; *Cassetta* v. *Del Frate,* 116 Cal. App. 255 [2 Pac. (2d) 533].) It is further held, however, that while a cause of action for tort is not assignable, such a claim when merged in a final judgment is a debt and may become the subject of an assignment. (*Adams* v. *White Bus Line,* 184 Cal. 710, 712 [195 Pac. 389]; 15 Cal. Jur. 249; 2 Black on Judgments, 2d ed., sec. 942; *Lawrence* v. *Martin,* 22 Cal. 173, 174.) However, the judgments which were the subject of discussion in the authorities just cited had prior to assignment become final either by affirmance or by the lapse of time in which an appeal could have been taken. No reference in any of these au-

thorities is made to the status of a tort claim merged in a judgment pending on appeal from said judgment.

■ The decisions in this state indicate that a judgment does not become final so long as the action in which it was rendered is pending (*Feeney* v. *Hinckley*, 134 Cal. 467 [66 Pac. 580, 86 Am. St. Rep. 290]; 15 Cal. Jur., pp. 121, 122), and an action is deemed pending until it is finally determined on appeal or until the time for appeal has passed. (Sec. 1049, Code Civ. Proc.) ■ The judgment, therefore, in favor of Hiroshima, at the time he made a purported assignment thereof to the respondent herein was not a final judgment in the sense that it determined the respective rights of the parties to the action. It was final in that it had reached the state when an appeal could be taken from it, but pending such appeal the determination of the issues in the case was held in abeyance until the appeal was finally passed upon in the appellate court. The effect of the appeal "operated to keep alive the case as one of tort as it existed before the judgment was rendered". (*Arp* v. *Blake, supra,* p. 373.) Therefore, pending the appeal, the plaintiff in said action had only a claim for damages for injuries suffered by the acts of the defendant, or a chose in action arising on tort. Such a claim, as we have seen, is not subject to assignment.

In the case of *Miller* v. *Newell*, 20 S. C. 123 [47 Am. Rep. 833, 840], we find the following statement: "Under this case the appeal was pending, and such being the case the rights of the parties had not been determined. The matter was still a chose in action arising on tort of a strictly personal character and therefore not assignable."

Applying the principles of law announced in the authorities hereinbefore cited to the assignment of said judgment to the respondent, it must be concluded that said assignment, having been made pending an appeal from said judgment, was of no legal effect and passed to appellant no right to said judgment.

The judgment in favor of Hiroshima having become final by affirmance was subject to the execution of garnishment levied thereon after its affirmance. (4 Am. Jur., p. 688, sec. 212; *Burke* v. *Hance*, 76 Tex. 76 [13 S. W. 163, 18 Am. St. Rep. 28].) The case just cited holds that a judgment is subject to garnishment when all proceedings in the suit in which it was rendered, whether original or appellate, are at an end.

The judgment further made an allowance of $100 as attorney's fee in favor of plaintiff for the institution of this interpleader action. It is well settled in this state that an allowance of an attorney's fee in favor of a plaintiff in an interpleader action is improper and is without authority of law. (*Los Angeles Trust & Sav. Bank* v. *Ward,* 197 Cal. 103, 107 [239 Pac. 847]; *Peterson* v. *Chorley,* 103 Cal. App. 783, 787 [284 Pac. 956].)

The judgment is reversed.

Edmonds, J., Waste, C. J., Houser, J., and Shenk, J., concurred.

Rehearing denied. Seawell, J., and Houser, J., voted for a rehearing.