PALOMAS LAND & CATTLE CO. v.
BALDWIN et al.

No. 12692.

United States Court of Appeals
Ninth Circuit.

May 29, 1951.

---

* Ivanhoe Building & Loan Ass'n v. Orr, 295 U.S. 243, 55 S.Ct. 685, 79 L.Ed. 1419; St. Louis Trust Union Co. v. Jolliffe, 2 Cir., 74 F.2d 247.

Roland Rich Woolley, Los Angeles, Cal., and David Mellinkoff, Beverly Hills, Cal., for appellant.

Wm. T. Coffin, L. B. Conant, Los Angeles, Cal. (Lawler, Felix & Hall, Los Angeles, Cal., of counsel), for appellee Arthur D. Baldwin.

Overton, Lyman, Prince & Vermille and Carl J. Schuck, all of Los Angeles, Cal., for appellees Scott, Rasberry & Hulse.

Before MATHEWS, STEPHENS and POPE, Circuit Judges.

MATHEWS, Circuit Judge.

Arthur D. Baldwin, a citizen of Ohio, was at all pertinent times the sole surviving trustee of an express trust[1] of which Palomas Land & Cattle Company, a California corporation, hereafter called Palomas, and Security-First National Bank of Los Angeles were beneficiaries. On and prior to March 30, 1950, Baldwin, as such trustee, had in his custody and possession $5,488.11 to which Palomas claimed to be entitled and to which Louis A. Scott, John L. Rasberry and James F. Hulse, citizens of Texas, also claimed to be entitled, the claim of Palomas being adverse to that of Scott, Rasberry and Hulse. On March 30, 1950, Baldwin deposited the $5,488.11 in the registry of the District Court for the Southern District of California,[2] there to abide the judgment of the court, and brought there a civil action of interpleader or in the nature of interpleader. See 28 U.S.C.A. §§ 1335, 1397, 2361.[3] The court

1. Originally there were three trustees.

2. The district in which Palomas had its principal office.

3. Section 1335 provides:

"(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more * * * if

"(1) Two or more adverse claimants, of diverse citizenship * * * are claiming or may claim to be entitled to such money or property * * * and if (2) the plaintiff has deposited such money or property * * * into the registry of the court, there to abide the judgment of the court * * *.

"(b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another."

Section 1397 provides: "Any civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside."

Section 2361 provides:

"In any civil action of interpleader or in the nature of interpleader under sec-

938

issued its process for all the claimants (Palomas, Scott, Rasberry and Hulse) and entered its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the $5,488.11 until further order of the court. Thereafter the court heard the case, filed findings of fact and conclusions of law and entered a judgment making the injunction permanent, directing the claimants to interplead and litigate their respective claims, discharging Baldwin from further liability, allowing him attorneys' fees ($500) and other costs ($53.12), such fees and costs to be paid out of the $5,488.11, and retaining jurisdiction of the action for the purpose of determining the rights of the claimants in and to the balance of the $5,488.11. From that judgment Palomas appeals.

■ As indicated above, this was an action under 28 U.S.C.A. § 1335. Palomas contends that, being a trustee, Baldwin was not entitled to maintain such an action. There is no merit in this contention. An action under § 1335 may be maintained by any person having in his custody or possession money or property of the value of $500 or more, if two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to such money or property, and if the plaintiff has deposited such money or property in the custody of the court, there to abide the judgment of the court.[4] Whether the plaintiff is a trustee or not is immaterial.

Palomas says that Baldwin brought the action in bad faith and came into court with unclean hands. The court, however, did not so find, nor did the evidence[5] warrant such a finding.

■ Palomas contends that the court erred in allowing Baldwin attorneys' fees and other costs. There is no merit in this contention. See Massachusetts Mutual Life Ins. Co. v. Morris, 9 Cir., 61 F.2d 104; Treinies v. Sunshine Mining Co., 9 Cir., 99 F.2d 651, affirmed in 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85; Kohler v. Kohler, 9 Cir., 104 F.2d 38; Hunter v. Federal Life Ins. Co., 8 Cir., 111 F.2d 551; Globe Indemnity Co. v. Puget Sound Co., 2 Cir., 154 F.2d 249; Warner v. Florida Bank & Trust Co., 5 Cir., 160 F.2d 766.

■ In support of its contention that attorneys' fees were not allowable, Palomas cites Pacific Gas & Electric Co. v. Nakano, 12 Cal.2d 711, 87 P.2d 700, 121 A.L.R. 417. The Nakano case arose under a State statute and was heard and determined by a State court. The case at bar arose under a Federal statute and was heard and determined by a Federal court. In Federal courts, the allowance or disallowance of costs, including attorneys' fees, is governed by Federal law,[6] not by State law. Hence the Nakano case is not controlling here.

■ The agreement creating the trust of which Baldwin was the surviving trustee contained the following provision: "The trustees[7] shall execute this trust without charge. No expenses shall be incurred without first obtaining the written approval of Palomas and [Security-First National Bank of Los Angeles]." Palomas cites this provision as precluding the allowance of costs to Baldwin. Actually, it had no such effect. It referred to charges for,

tion 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property * * * involved in the interpleader action until further order of the court * * *.

"Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."

4. See footnote 3.

5. The evidence consisted of an affidavit and 37 exhibits filed by Baldwin, three affidavits and two exhibits filed by Palomas and an affidavit and 13 exhibits filed by Scott, Rasberry and Hulse.

6. Including, of course, Rule 54(d) of the Federal Rules of Civil Procedure, 28 U. S.C.A.

7. See footnote 1.

and expenses incurred in, executing the trust. It did not refer to costs incurred in litigation between a trustee and a beneficiary.

Judgment affirmed.