**Byron A. GILLAM, Plaintiff,**

v.

**A. SHYMAN, INC., formerly Alaska Distributors Co., Inc., a corporation, et al., Defendants.**

**Civ. No. A–14484.**

United States District Court
D. Alaska,
at Anchorage.

June 8, 1962.

See also 22 F.R.D. 475.

---

David A. Weyer, of Weyer, Sandelin & Sterne, Seattle, Wash. and Bailey E. Bell, of Bell, Sanders & Tallman, Anchorage, Alaska, for plaintiff.

Harold J. Butcher, Anchorage, Alaska and Ronald E. McKinstry, of Bogle, Bogle & Gates, Seattle, Wash., for defendants A. Shyman, Inc., Russ Eddy and Joseph Hart.

Peter J. Kalamarides, Anchorage, Alaska and Albert M. Franco, of Franco & Bensussen, Seattle, Wash., for defendant K. E. L. Distributors.

HODGE, Chief Judge.

Plaintiff brought this action to recover treble damages against the defendants for alleged violation of Section 4 of the Clayton Act, Section 15, Title 15 U.S.C. A., and for injunctive relief. After a full trial on the merits the Court dismissed the action for want of sufficient proof of violation of said Act. Defendants have requested the allowance to them of at-

torneys' fees by reason of considerable legal expense in successfully defending the action.

 Section 15 of Title 15 U.S.C.A. provides that any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws

> "shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

It is well settled that under this statute the Court cannot properly award attorneys' fees except as an incident to the successful prosecution of a law action for recovery of damages based on a violation of the antitrust laws, and that the provision allowing recovery of attorneys' fees does not include the allowance of fees for defending such a civil action. Allen Bradley Co. v. Local Union No. 3, I. B. of E. Workers (D.C.N.Y.), 51 F.Supp. 36, 40; Alden-Rochelle, Inc. v. American Soc. of C., A. and P. (D.C.N.Y.), 80 F.Supp. 888, 899; Talon, Inc. v. Union Slide Fastener, Inc. (C.C.A.9), 266 F.2d 731, 739; Straus v. Victor Talking Mach. Co. (C.C.A.2), 297 F. 791, 796.

 Defendants contend that attorneys' fees should be allowed them under the provisions of Rule 25, Amended Uniform Rules of the District Court for the District of Alaska, adopted October 1, 1957, fixing the mode of allowance of attorneys' fees to the prevailing party as costs. Such rules were adopted by this Court "wherever applicable," on February 25, 1960. The rule was based upon Section 55-11-51 A.C.L.A.1949, which provides that

> "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there may be allowed to the prevailing party in the judgment certain sums by way of indemnity for his attorney fees in maintaining the action or defense thereto, which allowances are termed costs."

In cases involving the construction of federal statutes the federal law rather than the law of the state in which the action is brought governs with regard to the allowance of attorneys' fees. Palomas Land & Cattle Co. v. Baldwin (C.C.A.9), 189 F.2d 936; Bank of China v. Wells Fargo Bank & Union Trust Co. (C.C.A.9), 209 F.2d 467, 48 A.L.R.2d 172. Except where specifically provided by statute in certain instances, there is no federal statute allowing attorneys' fees as costs in the federal courts other than the "docket fees" provided by Section 1923, Title 28 U.S.C.A.

Attorneys' fees to the prevailing party have been allowed in Miller Act cases and in cases of diversity of citizenship, where the action involves the construction of state law and a federal statute is not involved, in which cases the matter of allowance of attorneys' fees is governed by state law. United States for Use and Benefit of Caldwell Foundry and Machine Co. v. Texas Construction Company (C.C.A.5), 237 F.2d 705; United States for Use and Benefit of Magnolia Petroleum Co. v. H. R. Henderson & Company (D.C.Ark.), 126 F.Supp. 626; Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; United States for Use and Benefit of Lichter v. Henke Const. Co., 157 F.2d 13; United States v. Moore, this court, #4224.

 Defendants also contend that attorneys' fees may be allowed under the provisions of Rule 54(d), Federal Rules of Civil Procedure, 28 U.S.C.A., providing for the allowance to the prevailing party of costs, citing Bank of China v. Wells Fargo Bank & Union Trust Co., and Palomas Land & Cattle Co. v. Baldwin, supra. These cases do hold that in cases of interpleader a party is entitled to attorneys' fees as cost in the discretion of the trial court under Rule 54(d). The reasoning of the Bank of China decision was that inasmuch as Wells Fargo was an innocent party caught between two conflicting claims to a fund in its possession it should not be required to bear the cost of the litigation. These are unusual circumstances. Ordinarily, in the ab-

sence of statute or unless based upon contract provisions, attorneys' fees are not taxable as costs under Rule 54(d), but such an allowance is appropriate only in exceptional cases and for dominating reasons of justice. Barron & Holtzoff, Federal Practice and Procedure, Volume 3, Sec. 1197, page 65; Moore's Federal Practice, Volume 6, Sec. 54.77(2), page 1348. The cases first cited above hold to the contrary as to allowance of fees to the defendant in antitrust cases, since free access to the courts must neither be denied nor penalized.

Finally, defendants also cite Libby, McNeill & Libby v. Alaska Industrial Board (C.C.A.9), 191 F.2d 260, as authority for their position. This case involved the application of the Alaska statute to a civil suit under Alaska law in the former Territorial court, and has no application here.

This action being governed by the federal law, and there being no provision for allowance of attorneys' fees to a party defending such action, no such fees may be allowed.

Ronald N. Davies, J., dissented.