BYRAM CONCRETANKS, INC.,
Appellant,

v.

WARREN CONCRETE PRODUCTS CO.
OF N. J. et al.

No. 14368.

United States Court of Appeals
Third Circuit.

Argued Sept. 23, 1963.

Decided Oct. 23, 1963.

Rehearing Denied Nov. 27, 1963.

---

Leopold Frankel, Frankel & Frankel, Paterson, N. J., for plaintiff-appellant. Leopold Frankel, Paterson, N. J., of counsel.

W. Fletcher Hock, Jr., John W. Hand, Paterson, N. J. (Evans, Hand, Evans, Allabough & Amoresano, Paterson, N. J., on the brief), for defendants-appellees, Warren Concrete Products Co. of N. J., Warren Concrete Tank Co., Inc., Vincent Dotolo and Richard Dunkle.

Paul R. Nusbaum, Alex Lazorisak, Succasunna, N. J. (Nusbaum & Lazorisak, Succasunna, N. J., on the brief), for defendants-appellees, Patrick E. Higgins, Leonard J. Farmer, Joseph W. Rogers, Hulse Mooney, Edison Read, John W. Klein, Frank M. Berry, Edward C. Stierli, John Everly, E. Blair Johnson and Board of Health of Roxbury Township, (for Board of Health of Roxbury Township, et al.)

Before MARIS, KALODNER and GANEY, Circuit Judges.

PER CURIAM.

This is a suit by the plaintiff, a manufacturer of precast concrete septic tanks, against the defendant corporations, who were competitors in that business, the Board of Health of Roxbury Township, Morris County, New Jersey, the Health Officer of that township and the individuals who were members of the Board of Health at various times. The complaint alleged violation of the anti-trust laws and sought treble damages and an injunction. Its institution followed the dismissal with prejudice of a suit arising out of the same controversy which the plaintiff had brought against some of the individual defendants in the Superior Court of New Jersey. After lengthy interlocutory proceedings (see e. g. Byram Concretanks, Inc. v. Meaney, 3 Cir. 1961, 286 F.2d 170) the case came on for trial in the district court. At the conclusion of the plaintiff's evidence the court dismissed the complaint upon motion of the defendants. The plaintiff thereupon took the appeal now before us.

Our study of the record satisfies us that the district court did not err in its conclusion that the plaintiff had failed to prove its case. We have also considered the plaintiff's contentions that there were trial errors but find them so lacking in merit as to require no discussion.

The judgment of the district court will be affirmed.