374 F.2d 649
 BYRAM CONCRETANKS, INC., Plaintiff-Appellant, Leopold
Frankel and Esther S. Frankel, trading as Frankel
& Frankel, a Law Partnership, Appellants,
v.
WARREN CONCRETE PRODUCTS CO. OF N.J. et al., Defendants-Appellees.
 No. 15768.
 United States Court of Appeals Third Circuit.
 Argued Dec. 19, 1966.
Decided Feb. 27, 1967, As Amended April 7, 1967, Rehearing
Denied April 12, 1967.
 
 Solomon Golat, Newark, N.J. (Frankel & Frankel, Leopold Frankel, Paterson, N.J., on the brief), for appellants.
 W. Fletcher Hock, Jr., Paterson, N.J. (Evans, Hand, Evans, Allabough & Amoresano, Paterson, N.J., on the brief), for appellees, Warren Concrete Products Co. of N.J., Inc., Warren Concrete Tank Co., Inc., Vincent Dotolo and Richard Dunkle.
 John R. Miller, Madison, N.J. (Alex Lazorisak, Succasunna, N.J., on the brief), for and of counsel with appellees, Board of Health of Roxbury Township, Patrick E. Higgins, Leonard J. Farmer, Joseph W. Rogers, Hulse Mooney, Edison Read, John W. Klein, Frank M. Berry, Edward Stierli, John Everly and E. Blair Johnson.
 Before KALODNER, HASTIE and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 Plaintiff, a manufacturer of septic tanks, brought this action for treble damages and an injunction under the federal anti-trust laws against defendant corporations, competitors in the business, and against the Board of Health of Roxbury Township and its members. At the conclusion of the presentation of plaintiff's evidence to the jury, the District Court granted defendants' motion to dismiss. This court affirmed per curiam, 323 F.2d 994 (1963), cert. den., 377 U.S. 916, 84 S.Ct. 1179, 12 L.Ed.2d 185 (1964). The case is now before us to review an order awarding to defendants attorneys' fees and certain other costs in addition to those ordinarily taxable. The court entered its order on the finding that 'the suit was baseless and not properly grounded under the Anti-Trust statutes.'
 
 
 2
 The trial court justified its award on the ground of an 'inherent equitable power' here exercised 'because of the exceptionally vexatious and unfounded nature of the plaintiff's machinations.' Accepting as true that the behavior of plaintiff and its counsel was unconscionable, we are concerned initially with whether the District Court possessed the power to award attorneys' fees and disbursements necessarily incurred in defending against this cause of action brought under the Federal Anti-Trust statute.[1]
 
 
 3
 We have found only three cases which have considered the problem of a federal court's power to award attorneys' fees[2] to a successful defendant in an anti-trust action. Two of these cases reach opposite conclusions without extended discussion: the first, Carroll v. American Federation of Musicians of United States and Can., 241 F.Supp. 865 (D.C.N.Y.1965), simply declares that 'although the defendants have successfully defended this suit, they are not entitled to attorneys' fees.' (241 F.Supp. 865, 894); the second, Lawrence v. Fuld, 32 F.R.D. 329 (D.C.Md.1963), states that the successful defendants' argument for attorneys' fees, 'although adequately grounded in the law,' fails for 'lack of factual proof to support their claim of vexation and harassment by the plaintiff.' (32 F.R.D. 329, 332).
 
 
 4
 Only in Gillam v. A. Shyman, Inc., 205 F.Supp. 534 (D.C.Alaska 1962), is there a substantial discussion of our problem. There the court concluded that attorneys' fees were not recoverable by successful defendants in an antitrust action for treble damages and injunctive relief. The court first relied on 15 U.S.C.A. 15, which is the only provision of the anti-trust laws relating to attorneys' fees and costs.[3] It reads:
 
 
 5
 'Any person who shall be injured in his business or property by reason of anything forbidden in the anti-trust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.'
 
 
 6
 In a long line of cases the courts have interpreted this section of the Clayton Act not to permit plaintiffs to recover attorneys' fees unless treble damages are awarded, regardless of whether injunctive relief is granted. Clabaugh v. Southern Wholesale Grocers Association, 181 F. 706 (C.C.Ala.1910); Decorative Stone Co. v. Building Trades Council of Westchester County, 23 F.2d 426 (2nd Cir. 1928); Allen Bradley Co. v. Local Union No. 3, I.B. of E. Workers, 51 F.Supp. 36 (D.C.N.Y.1943); Alden-Rochelle, Inc. v. American Soc. of C., A. and P., 80 F.Supp. 888 (D.C.N.Y.1948); but compare Finley v. Music Corp. of America, 66 F.Supp. 569 (D.C.Calif.1946). It was thought by the court in Gillam to follow from these fulings that defendants who successfully resist a claim for damages likewise cannot recover attorneys' fees.
 
 
 7
 The court below and defendants argue, however, that apart from statutory authorization federal courts possess the equitable power to award attorneys' fees against a litigant guilty of harassment and bad faith, citing a large number of decisions including the United States Supreme Court cases of Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939) and Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). Difficult questions are raised whether this power exists only in traditional equity suits and, if so, whether the present statutory proceedings are equitable in nature as a consequence of plaintiff's request for injunctive relief under 15 U.S.C.A. 26 in addition to its request for treble damages under 15 U.S.C.A. 15.
 
 
 8
 We need not reach such questions. We hold that in the absence of specific legislative authorization attorneys' fees may not be awarded to defendants in private anti-trust litigation. Our conclusion is based on policy considerations reflected in the Clayton Act. It is well known that a primary objective of the private treble damage suit is to provide a means for enforcement of the anti-trust laws in addition to Government prosecutions. The incentive which the prospect of treble damages provides for instituting private antitrust actions would be dampened by the threat of assessment of defendant's attorneys' fees and other costs as a penalty for failure. We thus agree with the second ground for the court's decision in Gillam: '* * * free access to the courts must neither be denied nor penalized.' 205 F.Supp 534, 536. Where it has been thought that the cost of instituting a lawsuit is not a sufficient deterrent against vexatious or oppressive litigation, Congress has enacted provisions allowing the courts in exceptional cases to award attorneys' fees and other extraordinary costs to the prevailing party. See, for example, 35 U.S.C.A. 285 of the Patent Act and 17 U.S.C.A. 116 of the Copyright Act.
 
 
 9
 The district court's award of attorneys' fees and other costs to defendants will be reversed and the cause remanded for taxation of costs as ordinarily allowed by law. Each party to this appeal shall bear its own costs in this court.
 
 
 
 [1]
 A second cause of action requested injunctive relief under the Fifth and Fourteenth Amendments of the United States Constitution. In its letter opinion on the defendants' motion to dismiss the trial court did not treat this second cause as making the suit anything other than a civil anti-trust action. Likewise, in affirming the trial court's dismissal this court characterized the complaint as one which 'alleged violation of the anti-trust laws.' Consequently, the present controversy which arises directly out of that dismissal is considered solely under the anti-trust laws
 
 
 [2]
 Attorneys' fees and other costs beyond those ordinarily taxable are considered together throughout the opinion
 
 
 [3]
 15 U.S.C.A. 26, which authorizes injunctive relief, makes no provision for costs