### FINLEY et al. v. MUSIC CORPORATION OF AMERICA et al.
#### Civ. No. 4328.

District Court, S. D. California, Central Division.

June 24, 1946.

570

Desser, Rau & Christensen, of Los Angeles, Cal., for plaintiffs.

Frank P. Doherty, of Los Angeles, Cal., and Pacht, Pelton, Warne, Ross & Bernhard, of Beverly Hills, Cal., and Harold F. Collins, of Los Angeles, Cal., for defendants.

McCORMICK, District Judge.

Plaintiffs sue under Section 15, Title 15, United States Code Annotated, for damages, alleging injury to their business and property by reason of interstate activities of defendants violative of Sections 1 and 2 of the Antitrust Laws of the United States. Sections 1 and 2, Title 15 U.S.C.A.

The specific charges relate to a contract and combination between defendants and one Wayne Dailard to restrain and to monopolize interstate trade and commerce in the public entertainment field wherein so-called "name bands" are engaged and utilized in commercial ball rooms and dance halls.

The cause was tried to a jury. At the conclusion of an approximate ten days' trial a general verdict was rendered for the plaintiffs and against the defendants named above, wherein treble damages were awarded to the plaintiffs in the sum of $55,500. Subsequently, and pursuant to Section 15, supra, the court, after a hearing, allowed costs of suit, including a reasonable attorney's fee, in the aggregate sum of $9,092.85. Thereafter judgment was accordingly entered and docketed.

Defendants, pursuant to Rule 50, F.R.C.P., 28 U.S.C.A. following section 723c, have filed and presented their motions for judgment in their favor notwithstanding the verdict of the jury, or, in the alternative, for a new trial. The court after considering the briefs of the respective parties entered herein a partial ruling wherein the court found that no cause had been shown which warranted or justified any disturbance of the findings and verdict of the jury save the possibility that under the rules enunciated by the Supreme Court in Keogh v. Chicago & N. W. R. Co., 1922, 260 U.S. 156, 43 S.Ct. 47, 67 L.Ed. 183, and reiterated in Georgia v. Pennsylvania R. Co., 324 U.S. 439 at page 453, 65 S.Ct. 716, 89 L.Ed. 1051 and earlier established in Central Coal & Coke Co. et al. v. Hartman, 8 Cir., 1901, 111 F. 96, the jury's fixation of the damages for the injury to the plaintiffs by reason of defendants' wrongdoing does not conform to the yardstick of certainty required by the decisions of the courts of the United States.

Counsel for the parties have presented further arguments upon the reserved question. We are constrained by the weight of prevailing authority to conclude that even under the liberalized application by the Supreme Court of the rules pertaining to damages per se in actions relating to activities forbidden by the Antitrust laws, such as those found by the jury in this action, the evidence in the record before us falls short of the legally required cer-

tainty. Cf. Bigelow v. RKO Radio Pictures, 66 S.Ct. 574.

The record indicates that probably the jury's "expression in figures" of the treble damages at $55,500 is based upon evidence that in the year 1944 Wayne Dailard, the predecessor of the plaintiffs in the conduct and operation of the Mission Beach Amusement Center and ballroom, as stated in defendants' brief on the motions before us, showed a profit therefrom of approximately $74,000, and that 25% thereof was allocable to the ballroom. Such a deduction, however, is conjectural and based upon too insecure support under the record to sufficiently fix the damages to the plaintiffs so as to bring the award of the jury under the standard established by the decisions.

Having reviewed all of the evidence before the court on the issue of monetary damages, exclusive of other factors of injury to the plaintiffs, we believe it to be legally inadequate to support the jury's estimate of $18,500 actual damages. In reaching this conclusion we are not unmindful that there is a clear distinction between the rules prescribing pecuniary relief to "one injured in his business or property" according to the terms of Section 15 of Title 15 of the United States Code Annotated and that which is assessable in traditional or conventional actions for damages. Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241.

At the argument on the reserved point the court posed a further question as to whether, under the expressed terms of Section 15, supra, the court, if required under the force of authority to delete from the judgment the item of damages, could, under the record, still allow the costs, including attorney's fees, as stated in the docketed judgment.

The suit authorized by Section 15 is sui generis. The wording of the statute is unique. We have earlier in this memorandum directed attention to the observation of Justice Holmes in the Chattanooga Foundry decision, supra, as to the differentiation in the elements of damages under this law and in the other types of damage suits. Moreover, it is significant that the Congress itself ordained that the injury denounced by this statute should be redressed in the "district court of the United States * * * without respect to the amount in controversy," instead of requiring the jurisdictional amount generally necessary in damage litigation in the Federal court between private parties.

In the light of the broad investiture of the court's power in the allowance of costs by the express terms of the Act under which the suit was brought, and giving due consideration to the implied findings of the jury that defendants have injured plaintiffs in their business by unlawfully restraining and monopolizing interstate commerce in the public entertainment field, we think that the costs. of suit, including the plaintiffs' attorney's fees, should be assessed against the defendants. American Can Co. v. Ladoga Canning Co., 7 Cir., 1930, 44 F.2d 763, 772. In the case just cited the court, construing the singular wording of Section 15 of Title 15 of United States Code Annotated, said, "The statute authorizing plaintiff's recovery of reasonable attorneys' fees directs their inclusion as a part of the costs. We find nothing in this statute which limits this allowance to services rendered in the District Court. Its terms are broad enough to include plaintiff's reasonable attorneys' fees necessarily incurred in any court wherein the cause was pending. A similar construction has been placed on a similar statute." Davis v. Parrington, 9 Cir., 281 F. 10. See, also, Louisville & N. R. Co. v. Dickerson, 6 Cir., 191 F. 705.

The unusual and broad character of the remedy provided by Section 4 of the Act of October 15, 1914, now Section 15, Title 15 U.S.C.A., relating to unlawful restraints and monopolies in interstate commerce is the subject of a scholarly and analytical article by Professor Lawrence Vold, published January, 1940, in Volume XXVIII, Kentucky Law Journal. The title of this instructive material is "Are threefold damages under the Anti-trust Act Penal or Compensatory?" In aptly describing the components in the remedy, the learned author, stated " * * *, the three fold damage provision is here compensatory in its na-

ture, in liquidating compensation for accumulative intangible harm going beyond the ordinary recoverable legal damages to the business or property."

In ruling upon the defendants' motions under consideration we have followed the procedure directed by the Supreme Court in Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147, and have entered this day an appropriate ruling and judgment which embodies the views expressed in this memorandum of conclusions.