L. G. SEMKE, d/b/a Semke Auto Mart, Plaintiff,

v.

ENID AUTOMOBILE DEALERS ASSO-CIATION, Hurst Motor Co., a Corporation, Dierksen-Jones Buick Co., Inc., a Corporation, Fidelity Motors, a partnership composed of Jane E. Champlin, Executrix of the Estate of Joe N. Champlin, deceased, and Jane E. Champlin, as successor trustee for three testamentary trusts created under the Last Will and Testament of H. H. Champlin, deceased, Day Ford Company, a Corporation, Dean Pearson Dodge, Inc., a Corporation, Janzen Olds, Inc., a Corporation, Sam Norton, Jr. and Stanley B. Stuart, a Co-Partnership d/b/a Norton-Stuart Pontiac-Cadillac of Enid, the Enid Radiophone Company, a Corporation, the Enid Publishing Company, a Corporation, Joseph F. Hardy, Milton B. Garber, John W. Taylor, Pat Murphy, Jimmy B. Hurst, Sr., Fred L. Jones, Jane E. Champlin, Executrix of the Estate of Joe N. Champlin, Dean P. Pearson, Clarence J. Janzen, Leonard C. Northcutt, Clarence W. Durheim and Gene Kurz, Defendants.

Civ. No. 69–196.

United States District Court, W. D. Oklahoma.

Dec. 17, 1970.

William J. Otjen, Jr., Enid, Okl., Harry Hobson, Jochems, Sargent & Blaes, Donald E. Lambdin, Blair, Matlack, Rogg, Foote & Lambdin, P. A., Wichita, Kan., for plaintiff.

Lynn Bullis, Jr., Monnet, Hayes, Bullis, Grubb & Thompson, Oklahoma City, Okl., E. B. Mitchell, Jr., Mitchell, Mitchell, DeClerck & Cox, Enid, Okl., for Day Ford Co., Earl Day, Gene Kurz, and Enid Automobile Dealers Assn.

Robert L. Gregory, Enid, Okl., for Hurst Motor Co., Jimmy B. Hurst, Sr.

Otjen & Carter, Enid, Okl., for Dierksen-Jones Buick Co., Inc., Dean Pearson Dodge, Inc., Sam Norton, Jr. and Stanley B. Stuart, d/b/a Norton-Stuart Pontiac Cadillac of Enid, Fred L. Jones and Dean B. Pearson.

L. W. McKnight, McKnight, Gasaway & McKnight, Enid, Okl., for Enid Radiophone Co., Enid Publishing Co., Milton B. Garber, John W. Taylor, Joseph F. Hardy, Pat Murphy, and Jim Hannon.

Harold J. Singer, Mitchell, Singer & Johnston, Enid, Okl., for Fidelity Motors, Inc., Joe M. Champlin, and Clarence Durheim.

Musser & Green, Enid, Okl., for Northcutt Chevrolet Co., Inc., Janzen Olds, Inc., Clarence J. Janzen, and Leonard C. Northcutt.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

Defendants have moved for relief with respect to a jury verdict obtained by Plaintiff in this civil antitrust case. The verdict was returned in the amount of $1,500 in favor of Plaintiff and against all the Defendants in the case at the conclusion of the trial. Prior to trial, Plaintiff settled, on a covenant not to sue, with one Defendant, who was then dismissed. The settlement, which was not brought to the attention of the Court, by anyone at any time either before or during the trial, provided for a total compensation to Plaintiff of $5,000, $2,000 in cash and $3,000 in advertising services over a two year period. Defendants seek to have credited against the verdict and any judgment entered thereon the total settlement and also seek denial of costs and Plaintiff's attorney's fee. Defendants urge that if the settlement is credited against the jury verdict, either single or trebled, Plaintiff effects no recovery and there is, thus, no basis for the allowance of costs and attorney's fees. Plaintiff urges that Defendants have lost the right to such reduction or credit because they did not assert the same as an affirmative defense and thereby bring the same to the attention of the Court and jury. Plaintiff also asserts that the value of the advertising services must be determined by the jury and that in any event he is entitled to a reasonable attorney's fee as the jury found that he had been injured in his property and business by Defendants' violation of the antitrust laws.

The Court finds no merit in Plaintiff's contention that Defendants have lost the right to call for such reduction or credit. No authority is presented or found in support of this position. It would seem reasonable that both sides should apprise the Court of this occurrence if, of course, known to

them. The Court is of the opinion that when such settlement is brought to the Court's attention before judgment is entered, the required credit or reduction should be effected. This comports with fundamental fairness and the general principle that a credit or reduction is required when one settles by a covenant not to sue with one of multiple wrongdoers.

■ The cases appear to be in agreement that the jury verdict should first be trebled before any credit for the settlement is given. Flinkote Co. v. Lysfjord, 246 F.2d 368 (Ninth Cir. 1957), cert. denied 355 U.S. 835, 78 S.Ct. 54, 2 L.Ed.2d 46; Bal Theatre Corporation v. Paramount Film Distributing Corporation, D.C., 206 F.Supp. 708 (Cal.1962), and see Clapper v. Original Tractor Cab Company, 270 F.2d 616 (Seventh Cir.1959), cert. denied 361 U.S. 967, 80 S.Ct. 588, 4 L.Ed.2d 547. The Court finds that it is no impediment to such credit that the settlement is not all cash and consists in part of past and future advertising services. Bal Theatre Corporation v. Paramount Film Distributing Corporation, supra. Plaintiff here urges that the jury should have determined the value of the advertising services and that their value as agreed upon by Plaintiff and the Defendant with whom he settled should not be conclusive. If such be true, Plaintiff had that opportunity at trial and failed to avail himself of it. He should not now be heard to complain that the value of the settlement was not considered by the jury. Moreover, as the parties established the value of the advertising services at $3,000 by use of a recognized advertising rate card, a genuine fact issue for a jury is not present.

■ The remaining question is whether Plaintiff is to be allowed costs and attorney's fees in view of the "negative recovery" resulting from the verdict when credited and reduced by the amount of the previous settlement. The statute directing the recovery of costs and attorney fees reads as follows:

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws * * * shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." 15 U.S.C.A. § 15.

The jury determined by its verdict that Plaintiff had been injured in his business or property by Defendants' violations of the antitrust laws and that he had sustained damages. The fact that the jury found Plaintiff sustained less damages than the sum which he had been able to recover from an original Defendant on settlement should not have relevance to his right to costs and attorney's fees. The statute clearly states that Plaintiff, if found to have been injured in his business or property, should recover treble damages, costs and attorney fees. It is, therefore, the conclusion of the Court that the damages as trebled, costs of suit and the attorney fees constitute but one amount for purposes of judgment and that Plaintiff's settlement prior to trial should be offset against the total amount of these three items.

As might be expected, the courts have had little occasion to consider the problem encountered here. In Finley v. Music Corporation of America, 66 F.Supp. 569 (Cal.1946), a jury finding of money damages arising from antitrust violations was set aside by the trial court. The court then posed the question whether it had authority, in the absence of any monetary damages, to proceed in the assessment of costs and an attorney's fee. Relying on cases in which the power of appellate courts to assess an additional attorney's fee on appeal had been recognized, the trial court held that 15 U.S.C.A. § 15 invested it with the power to award costs and an attorney's fee upon a finding of statutory injury, though without damages being awarded, arising out of antitrust violations.

The Court concludes that Plaintiff is entitled to treble damages of $4,500, the costs of suit and a reasonable attorney's fee, as mandated by 15 U.S.C.A. § 15,

less any amount received in settlement from any Defendant. The treble damages are mathematically determined and are not subject to question. Costs will be taxed by the Clerk in accordance with Rule 6(e), Local Rules. The amount of a reasonable attorney's fee will be determined by the Court after hearing, unless the parties shall agree to the same, and judgment in this action will be thereafter entered for the total of treble damages, costs as determined by the Clerk and an attorney's fee as determined by the Court, less the amount found to have been received by Plaintiff from any Defendant in settlement of this action under a covenant not to sue. Defendants' Motion for Allowance of Credit on Any Judgment Rendered Herein, and for Order Denying Judgment for Plaintiff for Attorneys' Fees should be granted with respect to the allowance of credit based on the alleged settlement and denied with respect to denial of costs and Plaintiff's reasonable attorney's fee. The case is set for determination of Plaintiff's reasonable attorney's fee and entry of judgment at 3:00 P.M., December 21, 1970.