Adelaido **GONZALES, Jr., et al.,**
**Plaintiffs-Appellees—Cross-Appellants.**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Defendant-Appellant—Cross-Appellee.**

No. 73–3799.

United States Court of Appeals, Fifth Circuit.

April 18, 1975.

Rehearing Denied May 12, 1975.

---

Thomas G. Sharpe, Jr., Brownsville, Tex., for defendant-appellant.

Burch Downman, Houston, Tex., for plaintiffs-appellees.

Before BROWN, Chief Judge, and AINSWORTH and DYER, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This appeal of a personal injury diversity suit raises two questions—first, whether the Trial Judge erred in failing to submit the issue of sole proximate cause to the jury once that issue had been fairly raised by the defendant and second, whether the plaintiff was entitled to $8,329.71 in stipulated medical expenses where the jury's answers to special interrogatories established defendant's liability and a lack of causal negligence on the part of plaintiff. We answer no to the first question and yes to the second.

On the 17th of June 1972, Adelaido and Mary Gonzales were married in Hearne, Texas. That evening they set off on Farm to Market Road 1644 to a dance in Cameron, Texas. The Missouri Pacific Railroad Company operates a switching track on FM 1644 and at the time Mr. and Mrs. Gonzales arrived at the intersection of the railroad track and the road a switching operation was in progress. The Gonzales automobile crashed into a gondola car of the train which was blocking the crossing. Both Adelaido and Mary suffered serious injuries.

At a trial in the District Court the jury, in answer to special interrogatories submitted to it under F.R.Civ.P. 49(a), determined that (i) the crossing was extra-hazardous, (ii) the failure of the railroad to have a warning device at the crossing was a proximate cause of the accident, and (iii) although Adelaido was negligent in his operation of the automobile, this negligence was not a proximate cause of the collision. The jury awarded Mary $25,000.00 for past pain and suffering, $25,000.00 for future pain and suffering, $4,000.00 for loss of earnings in the past, and $40,000.00 for loss of future earning capacity. Adelaido was awarded nothing.[1]

1. "INTERROGATORY NO. 1: Do you find from a preponderance of the evidence that the railroad crossing in question was an extra hazardous nighttime crossing, as that term has been defined to you?

The jury will answer "It was an extra hazardous nighttime crossing" or "It was not an extra hazardous nighttime crossing."
We the jury, answer: *"It was".*
If you have answered "It was not an extra hazardous nighttime crossing," then you need not answer any further interrogatory. If you have answered "It was an extra hazardous nighttime crossing", then you will answer the following interrogatory;
INTERROGATORY NO. 2: Do you find from a preponderance of the evidence that the failure of the Railroad to have a warning devise at the crossing in question, on the occasion in question, *was a proximate cause of this accident?*
The jury will answer "It was" or "It was not".
We, the jury answer: *"It was".*
INTERROGATORY NO. 3: Do you find from a preponderance of the evidence that Adelaido Gonzales, Jr. was negligent in any respect?

The jury will answer "He was" or "He was not".
We, the jury, answer: *"He was".*
If you have answered Interrogatory No. 3 "He was" then you will answer Interrogatory No. 4;
INTERROGATORY NO. 4: Do you find from a preponderance of the evidence that the negligence you found in Interrogatory No. 3 was a proximate cause of the collision in question?
The jury will answer: "It was" or "It was not".
We, the jury, answer: *"It was not".*
INTERROGATORY NO. 5: What amount of money, if paid now in cash, do you find will compensate Adelaido Gonzales, Jr. for his injuries?
The jury will answer in dollars and cents.
We, the jury, answer: *"Zero".*
INTERROGATORY NO. 6: What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Mary Gonzales for her injuries, if any, which you find from a preponderance of the evidence resulted from the occurrence in question?

Adelaido appeals the zero damage award and the railroad appeals the finding of liability against it.

■ The railroad contends that Texas law required the submission of a special interrogatory to the jury on the issue of sole proximate cause. Under Texas community property law, those elements of the recovery constituting community property would be barred by a finding of causal negligence on the part of either of the marital couple.[2] On the other hand, if it could be shown that Adelaido's negligence was the sole proximate cause of the accident, even that part of Mary's recovery that was her separate property would be barred since on such hypothesis the railroad's negligence would not have been a cause of the collision. Thus, the railroad's complaint is that the denial of their request for a special interrogatory on Adelaido's sole proximate cause destroyed any hope that it had for complete defense to the suit.

■ There are at least three answers to this contention. First, it is quite clear that a finding that the crossing was extra-hazardous and that this condition was a proximate cause of the accident completely precluded any chance of Adelaido's negligence constituting the *sole* proximate cause. Sole proximate cause means exactly that— there is no other cause. Here, the jury had already found in their answer to Interrogatory No. 2 that there was at least one other cause. Thus the only purpose to be served by the requested issue was to cross-examine the jury to ascertain whether they really meant what they said.

■ The second answer is that the special interrogatories a Federal District Judge submits under F.R.Civ.P. 49(a) need not be identical to those a Texas Judge must submit under Texas Rules Civil Procedure 277. Special interrogatories under F.R.Civ.P. 49(a) are matters of federal procedure not governed by state rules. Travelers Insurance Company v. Truitt, 5 Cir., 1960, 280 F.2d 784, 789; De Eugenio v. Allis-Chalmers Mfg. Co., 3 Cir., 1954, 210 F.2d 409; Lowery v. Clouse, 8 Cir., 1965, 348 F.2d 252; Southern Pacific R. R. v. Montalvo, 5 Cir., 1968, 397 F.2d 50; 5A Moores Federal Practice, ¶ 49.03[1].

■ Third, without the necessity of charting the one time tortuous path through the tangled and thorny thicket of Texas special issue submission, it is our understanding that the recent changes to Tex.R.Civ.P. 277 which became effective shortly after this trial eliminate the necessity of the submission of inferential rebuttable issues like sole proximate cause. See Pope and Lowerre, Revised Rule 277—A Better Special Verdict System for Texas, 27 Sw. L.J. 577, 590 (1973). Texas has seen the light. And the light here is Federal good sense and practice—a sort of *Erie* in reverse. See, Brown, Federal Special Verdicts: The Doubt Eliminator, 1967, 44 F.R.D. 338.

The judgment for Mary is affirmed.

Adelaido appeals from the denial of his motion under F.R.Civ.P. 59(b) to

---

Answer separately in dollars and cents, if any, with respect to each of the following elements:
  a. Physical pain and mental anguish and embarrassment in the past.
  ANSWER: *$25,000.00.*
  b. Physical pain and mental anguish which, in reasonable probability she will suffer in the future.
  ANSWER: *$25,000.00.*
  c. Loss of earnings in the past.
  ANSWER: *$4,000.00.*
  d. Loss of earnings of earning capacity which, in reasonable probability she will sustain in the future.

ANSWER: *$40,000.00.*
DATE: May 11, 1973.

VIOLETTE L. SOOTER,
Foreman,"

\*　　\*　　\*　　\*　　\*　　\*

**2.** Mary Gonzales was awarded $50,000.00 for past and future pain and suffering (Int. No. 6a, b) and $44,000.00 for loss of earnings in the past and future (Int. No. 6 c, d). Under Graham v. Franco, Tex., 1972, 488 S.W.2d 390, the pain and suffering are separate property and the loss of earnings are community property.

amend the judgment to include $8,329.71 in medical damages stipulated to before trial by both Mr. and Mrs. Gonzales and the railroad or in the alternative to order a new trial on the question of damages. Despite the railroad's contentions to the contrary on appeal, the clear import of the stipulation is not only that it did not dispute that these amounts were spent but also that the expenses were reasonable in amount and necessarily incurred.

Adelaido's contention is that the jury award of no damages after finding no causal negligence was so inconsistent as to require the judgment to be amended or in the alternative a new trial. The Seventh Amendment mandates this Court to search for a view of the case that makes the jury's answers consistent. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 1962, 369 U.S. 355, 364, 82 S.Ct. 780, 7 L.Ed.2d 798. Bearing in mind our duty to harmonize the jury's answers, if it is possible under a fair reading of them, Gallick v. Baltimore & Ohio R. R., 1963, 372 U.S. 108, 83 S.Ct. 659, 92 L.Ed.2d 618; Griffin v. Matherne, 5 Cir., 1973, 471 F.2d 911; Stockton v. Altman, 5 Cir., 1970, 432 F.2d 946; R. B. Company v. Aetna Ins. Co., 5 Cir., 1962, 299 F.2d 753; Rorem v. Halliburton Well Cementing Co., 5 Cir., 1957, 246 F.2d 427; we modify the judgment to include an award to Adelaido of the stipulated medical damages. Read in the light of the attendant circumstances, Gallick v. Baltimore & Ohio R. R., *supra*; McVey v. Phillips Petroleum Co., 5 Cir., 1961, 288 F.2d 53; we feel that while we cannot question the jury verdict on the other items in Adelaido's claim there was no need for any submission on the items stipulated to. Indeed the questions submitted in Interrogatory No. 6 did not in subdivision a, b, c or d even remotely refer to medical expenses. We leave intact the jury verdict and merely direct the entry of a judgment for those items on which they were in effect entitled to an instructed verdict, conditioned only on the finding of negligence of the railroad.

Finding the railroad's other contentions to be without merit we modify the judgment to include an award to the community of $8,479.71 and affirm.

Modified and affirmed.