Douglas K. KNUTSON, Arlen N. Benham, Geoffrey Beaty, Evan Francis Williams, Joseph W. Berthiaume, Kenneth W. Jackson, Jean E. Nyland, Daniel A. Dutra, Willard B. Kittredge, Robert A. Dutra, Plaintiffs-Appellants,

v.

The DAILY REVIEW, INC., a corporation, Bay Area Publishing Co., a corporation, Floyd L. Sparks, an individual, William Chilcote, an individual, Dallas Cleland, an individual, Defendants-Appellees.

No. 80–4089.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 1981.

Decided Dec. 28, 1981.

Rehearing and Rehearing En Banc Denied March 16, 1982.

Timothy H. Fine, San Francisco, Cal., for plaintiffs-appellants.

Thomas Paine, San Francisco, Cal., for defendants-appellees.

Before SKELTON,* Judge, United States Court of Claims, KILKENNY and REIN-HARDT, Circuit Judges.

KILKENNY, Circuit Judge:

This litigation is no stranger to us. It was originally initiated as an action by independent distributors of certain newspapers against appellees, publishers of these newspapers, in which it was claimed that both the appellees' newspaper dealership contracts and its termination of its independent dealership system violated antitrust laws. Initially, the United States district court decisions ** found for the distributors on the price fixing count and for the appellees on the remaining counts, but awarded neither damages nor injunctive relief.

On appeal, we held that the evidence supported the district court's factual finding that there was no conspiracy between the publishers, that the distributors failed to show either that the publishers' termination of its independent distribution system and conversion to an employee-distributor system effected a horizontal restraint on trade or that the termination was in furtherance of a price fixing conspiracy, and that the distributors failed to establish that the territorial division for distributors was part of a price fixing scheme. *Knutson v. Daily Review, Inc.,* 548 F.2d 795 (CA9 1976). We disagreed, however, with the lower court's analysis of the authorities on the issue of damages, and, consequently, we remanded the cause for a reconsideration of that issue.

On remand, the district court thoroughly analyzed the record and the facts before it. In an extremely well written and exhaustive opinion, the district court found against the appellants on the issue of compensatory damages and held that the appellants were entitled to nominal damages only. *Knutson v. Daily Review, Inc.,* 468 F.Supp. 226 (N.D. Cal.1979).

Our examination of the record convinces us that the district court's findings were not clearly erroneous and that its judgment must be affirmed. Our previous opinion did not instruct the district court that it must grant compensatory damages. Bearing in mind the caveat of our brethren in this circuit that we should avoid repetition and, where possible, follow a rule of brevity, we affirm the judgment of the district court substantially for the reasons set forth in its opinion. The finding of the district court that the appellants were entitled to nominal damages only was not clearly erroneous.

JUDGMENT AFFIRMED.

** *Knutson v. Daily Review, Inc.,* 383 F.Supp. 1346 (N.D.Cal.1974); *Knutson v. Daily Review, Inc.,* 401 F.Supp. 1374 (N.D.Cal.1975).