**William AUWOOD et al.**

v.

**HARRY BRANDT BOOKING OFFICE, INC. et al.**

**Civ. No. N–79–144 (PCD).**

United States District Court, D. Connecticut.

Nov. 21, 1986.

Stephen M. Trattner, Robert Smith, Levy & Smith, Washington, D.C., for plaintiffs.

Edwin L. Doernberger, Arthur Sachs, Schpero, Berman & Shure, New Haven, Conn., John L. Calvocoressi, Hartford, Conn., Richard C. Seltzer and Aton Arbis-ser, New York City, Kay, Scholer, Fierman, Hays & Handler, for defendants.

## RULING ON MOTION FOR ENTRY OF JUDGMENT

DORSEY, District Judge.

Plaintiff has moved for judgment based on the verdict rendered on June 18, 1986, and for an order declaring that the amount received in previous settlements with other co-conspirators should not be used to offset the jury verdict. Defendants argue that (1) judgment based on the verdict should not enter on the ground that plaintiffs have failed to prove actual damages but that if judgment is entered it should be in the amount of $1.00; and (2) that prior settlements should be deducted from the judgment and from any award of attorney fees.

The facts of the case need not be repeated here. In answers to interrogatories the jury found that defendants had conspired, combined or agreed to restrain trade unreasonably and thus "adversely affected plaintiffs' opportunities to obtain a fair allocation of first-run films for the Liberty Theatre" and "proximately caused injury or damage to plaintiffs' business." Interrogatories 1 and 2 (June 12, 1986). This was referred to as a split of the first-run films. Thereupon trial began on the issue of damages after which two theories of compensatory damages were submitted to the jury. The first was the demand theory, which, as the jury was instructed, required the exhibitor to prove "that it bid for the right to show a particular picture and that its bid was rejected because of the unlawful conspiracy...." Transcript ("Tr.") at 167 (June 17, 1986). The exhibitor would then be entitled to the difference between the profits it would have made on the particular pictures minus the profits it made on the pictures it actually showed. *Id.* at 168. The second theory, the comparability analysis, required plaintiffs to prove initially that (1) it was futile for their theatre, the Liberty, to bid on first-run films because of the split; and (2) that the Norwich Cinema, to which plaintiff claimed comparability, was in fact comparable to

the Liberty. If these prerequisites were met, Liberty might then be entitled to recover the difference between its net receipts (box office receipts minus costs and expenses) and the Norwich net receipts. *Id.* at 168–70.

The jury was also instructed on awarding nominal damages. This portion of the charge, as most relevant to the pending motion, is set forth in full:

Nominal damages are a minimal sum that may be awarded when a person's rights have been violated, but when he has not proved any actual damages or when he has been unable to prove an amount to which his injuries might entitle him.

In considering plaintiffs' claim of damage for what occurred after and as a consequence of a violation of plaintiffs' rights, you must consider whether plaintiffs acted so as to mitigate damages. If plaintiffs' rights were violated, plaintiffs are obliged to act in a manner that reduces, restricts or limits damages to whatever extent is reasonably within their ability. Plaintiffs may recover only such consequential damage as was proximately caused by the violation and not such damages which may have occurred because plaintiffs failed to take steps to mitigate, limit, restrict, or reduce their damages.

You have found defendants have violated plaintiffs' legal rights, and if you should further find that plaintiffs have not prov-

en any of the damages alleged in the complaint, you may award plaintiffs nominal damages.

*Id.* at 172.

Pursuant to Fed.R.Civ.P. 49(a) the damage issues were submitted via special interrogatories.[1] *Quaker City Gear Works, Inc. v. Skil Corp.,* 747 F.2d 1446, 1453 (1984), *cert. denied,* 471 U.S. 1136, 105 S.Ct. 2676, 86 L.Ed.2d 694 (1985); *see also* E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions,* § 6.05 at 181–82 (1977 & Supp.1986). With regard to the demand theory, embodied in Interrogatory 4, the jury found that plaintiffs were not entitled to compensatory damages. With regard to the comparability theory, the jury found that plaintiffs had met the first prerequisite—proving the futility of trying to obtain first-run films—but concluded on the second prerequisite that Norwich was not a comparable theatre. In response to Interrogatory 3, designed to measure the compensatory damages based on the comparability theory, the jury apparently concluded that plaintiffs were either not entitled to compensatory damages or that they had failed to prove them and, instead, awarded $75,000 in nominal damages ($3,000 for the period 1976–1977; $67,000 for the period 1978–1981; and $5,000 for the period 1982–1985).[2]

*Discussion*

### I.

This case raises an interesting and apparently unique issue, since neither party nor

---

1. 1. Do you find that plaintiffs have proven the futility of trying to obtain quality first-run films in open bidding?

     Yes___ No___

     (a) If "yes" as of what date:___

     2. Do you find that plaintiffs have proven that the Norwich Cinema, as presented in the evidence, was comparable to the Liberty Theatre for the period 1978 – 1981?

     Yes___ No___

     3. What amount, if any, have plaintiffs proven would fairly, reasonably and justly compensate plaintiffs for any actual losses sustained, that is, from costs exceeding revenues, as proximately caused by defendants' conduct:

     (a) For the period 1976–1977 ...... $____
     (b) For the period 1978–1981 ...... $____
     (c) For the period 1982–1985 ...... $____

     4. What amount, if any, have plaintiffs proven would fairly, reasonably and justly compensate plaintiffs for any lost profits sustained during the period 1978 – April 1981 as proximately caused by defendants' conduct:

     $____

2. 2. Twice the jury was instructed that, if they believed compensatory damages were unwarranted either because no damages were suffered or because they were not proven, they could still award nominal damages and indicate as such by placing the word "nominal" in parenthesis. Tr. at 177 (June 17, 1986); Tr. at 6 (June 18, 1986).

the court has discovered a case like it—can the award of $75,000 in nominal damages be reconciled with the findings that compensatory damages were unwarranted and can judgment in that amount enter for plaintiffs?

■ Under Fed.R.Civ.P. 49(a) and 58, a judge must enter judgment on the facts found by the jury in response to the special interrogatories, provided such facts are consistent with one another.[3] 5A J. Moore, *Moore's Federal Practice,* ¶ 49.03[4] at 49–29 (1984); *see also Quaker City,* 747 F.2d at 1452. Here, the claimed inconsistency lies with the fact that the jury expressly found that plaintiffs failed to prove damages via either the demand theory or the comparability theory—the only theories claimed. Nonetheless, they awarded $75,000 as nominal damages.

■ Under Rule 49(a), a court should make all efforts to sustain the jury's findings against claims of inconsistency. *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines,* 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798 (1962) ("Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.").[4] In so doing, "every reasonable intendment must be indulged in their support." *Federal Jury Practice,* § 6.07 at 188; *Davis v. West Community Hospital,* 755 F.2d 455, 465 (5th Cir.1985) ("It is the duty of the court to attempt to reconcile apparently inconsistent answers by a jury to special interrogatories."); *Henry v. A/S Ocean,* 512 F.2d 401, 406 (2d Cir.1975) (the "court should reconcile the jury's verdict if at all possible").[5] "The test to be applied in reconciling apparent conflicts between the jury's answers is whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted." 5A J. Moore, *Moore's Federal Practice,* ¶ 49.03[4] at 49–29 to –31. In attempting to reconcile the answers, one must look beyond the questions and consider the jury instructions as well. *Davis,* 755 F.2d at 465. If reconciliation is impossible, the court cannot enter judgment, but must instead either return the jury for further deliberation or order a new trial. *Federal Jury Practice,* § 6.07 at 188; 5A J. Moore, *Moore's Federal Practice,* ¶ 49.03[4] at 49–32 to –34; *Stanton v. Astra Pharmaceutical Products,* 718 F.2d 553, 575 (3d Cir.

---

**3.** Plaintiffs initially argue that defendants should not now be allowed to complain about the jury's award since defendants made no objection to the award at trial. The issue of waiver under Rule 49(a) has not been uniformly decided. *Compare Malley-Duff & Associates v. Crown Life Ins. Co.,* 734 F.2d 133, 144–45 (3d Cir.), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 564, 83 L.Ed.2d 505 (1984) (no waiver); *Mercer v. Long Mfg. N.C., Inc.,* 671 F.2d 946, 947 (5th Cir.1982) (no waiver); *Alverez v. J. Ray McDermott & Co.,* 674 F.2d 1037, 1040 (5th Cir.1982) (no waiver), *with Itel Capital Corp. v. Cups Coal Co.,* 707 F.2d 1253, 1261 (11th Cir.1983) (waiver); *Skillin v. Kimball,* 643 F.2d 19, 20 (1st Cir.1981) (waiver). The transcript in this case is clear. Both parties were provided with ample opportunity to suggest that the jury be charged further before the verdict was accepted. Tr. at 10–18 (June 18, 1986). Neither party chose to do so. Now, the court must deal with a situation which might otherwise have been avoided by further consideration by the jury. While the the efficacy of a rule which allows a party to waive a request for further jury deliberation at trial for strategic reasons and then turn around after the jury has been discharged and appeal to the court to interpret the jury's verdict is dubi-

ous, *Malley-Duff* renders plaintiffs' argument of waiver meritless. *See also Schaafsma v. Morin Vermont Corp.,* 802 F.2d 629, 634 (2d Cir.1986) (Rule 49(b) puts onus on trial judge to resolve inconsistencies before jury is discharged even if no objection is made).

**4.** The same burden is placed on appellate courts.

In fairness to trial courts and in order to preserve parties' Seventh Amendment rights, appellate courts "struggle" to find a way of reconciling seemingly inconsistent interrogatory answers and verdicts: " 'Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.' " *Schaafsma,* 802 F.2d at 635, citing *Julien J. Studley, Inc. v. Gulf Oil Corp.,* 407 F.2d 521, 526–27 (2d Cir.1969), quoting *Atlantic,* 369 U.S. at 364, 82 S.Ct. at 786.

**5.** The court is obligated to take such measures in order to insure that the principles of the seventh amendment are observed. *Schaafsma,* 802 F.2d at 635; *Gonzales v. Missouri Pacific RR,* 511 F.2d 629 (5th Cir.1975).

1983) (further deliberation); *Bernardini v. Rederi A/B Saturnus*, 512 F.2d 660, 662–63 (2d Cir.1975) (new trial); *Hand v. United States*, 441 F.2d 529, 531 (5th Cir.1971) (new trial).

The jury was charged that they could award damages which "would fairly, reasonably and justly compensate plaintiff for any actual losses sustained" and which could be assessed without "guessing or speculating." Interrogatory 3; Tr. at 166. By identifying the damages they awarded under Interrogatory 3 as "nominal," they implicitly found that plaintiffs had either sustained no actual losses or that they had failed to prove their losses. The same is true with regard to the demand theory embodied in Interrogatory 4. Nominal damages could be awarded only if plaintiff "has not proved any actual damages or when he has been unable to prove an amount to which his injuries might entitle him." Tr. at 172 (June 17, 1986).

Having found that plaintiffs were not entitled to actual damages under either of the two theories advanced, an award of nominal damages was both logical and consistent. The difficulty lies in the $75,000 amount of those damages in light of the instruction that such an award could only be minimal. Although there is no inconsistency between the interrogatories, Rule 58 requires that judgment be entered not only in accordance with the facts, but also the law. *Quaker City*, 747 F.2d at 1446, 1453. "By returning a special verdict the jury has found the facts and then it becomes the duty of the court to apply the law to those facts and render judgment." 6A J. Moore, *Moore's Federal Practice*, ¶ 58.05[3] at 58–42 (1984 & Supp.1986).

*Nominal Damages*

■ Plaintiffs initially claim that, although nominal damages may be a minimal sum, they are, nevertheless, relative to the individual circumstances of each case and may thus exceed $1.00. "Nominal damages, as the term implies, are ... trivial sums ... awarded in some cases to vindicate a legal right, even though it is clear that no economic harm has been done. In other cases such damages are awarded when the plaintiff has asserted substantial damages, but has been unable to prove those damages with the required certainty." D. Dobbs, *Remedies*, § 3.8 at 191 (1973) (citations omitted); *Redding v. Fairman*, 717 F.2d 1105, 1119 (7th Cir.1983), *cert. denied*, 465 U.S. 1025, 104 S.Ct. 1282, 79 L.Ed.2d 685 (1984) (violation of rights); *Contemporary Mission, Inc. v. Famous Music Corp.*, 557 F.2d 918, 926 (2d Cir. 1977) (uncertain damages). Plaintiffs' citations notwithstanding, the overwhelming majority of cases limit nominal damages to $1.00, or even a more trivial sum.[6] *Carey v. Piphus*, 435 U.S. 247, 266–67, 98 S.Ct. 1042, 1053–54, 55 L.Ed.2d 252 (1978) (civil rights); *McCann v. Coughlin*, 698 F.2d 112, 126 (2d Cir.1983) (civil rights); *United States ex rel. Tyrrell v. Speaker*, 535 F.2d 823, 830 (3d Cir.1976) (civil rights); *Home Placement Serv., Inc. v. Providence Journal*, 573 F.Supp. 1423, 1432 (D.R.I.1983), *aff'd in part, rev'd on other grounds*, 739 F.2d 671 (1st Cir.1984), *cert. denied*, 469 U.S. 1191, 105 S.Ct. 964, 83 L.Ed.2d 969 (1985) (antitrust); *Knutson v. Daily Review, Inc.*, 468 F.Supp. 226, 240 (N.D.Cal. 1979), *aff'd*, 664 F.2d 1120, 1121 (9th Cir. 1981) (antitrust); *Morning Pioneer, Inc. v. Bismarck Tribune Co.*, 342 F.Supp. 1138, 1143 (D.N.D.1972), *aff'd*, 493 F.2d 383, 388 (8th Cir.), *cert. denied*, 419 U.S. 836, 95 S.Ct. 64, 42 L.Ed.2d 63 (1974) (antitrust).[7] In the absence of clear Second Circuit authority to the contrary, the Eighth, Ninth and First Circuits' limitations of nominal

---

**6.** Plaintiff's state court citations do not overcome the persuasive ruling of the First, Eighth and Ninth Circuits, which have considered this issue in the antitrust area and limited nominal damages to $1.00.

**7.** Plaintiff's supplemental citation to *Fox West Coast Theatres v. Paradise Theatre*, 264 F.2d 602

(9th Cir.1958), is not inconsistent with this holding. There, reference to the $20,000 award as nominal was not made in the legal sense, but in the sense that the award was nominal or small in comparison to the substantially larger award that might have been rendered on the evidence.

damages to $1.00 is adopted.[8] Further-more, nothing in *Texas Indust. v. Radcliff Materials, Inc.*, 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981), nor in the history of the antitrust acts, alters this reasoning by suggesting that a jury should be allowed to assess damages in a vacuum and award substantial damages even though actual damages have not been proven. *See Carey*, 435 U.S. at 266, 98 S.Ct. at 1053. The allowance for treble damages does not eliminate the threshold inquiry of what damages have been proven. While it is true that the jury was not limited to assessing nominal damages at $1.00, it is clear that the law requires such a limit.

Plaintiffs also argue that the jury's award is justified because it was based on a consequential damage assessment. They argue that the nominal damage charge allowed the jury to approximate the actual damages sustained, possibly based on a market share theory, and then deduct the amount by which plaintiffs' failed to mitigate their losses to arrive at the $75,000 awarded. It is true that the order of paragraphs interspersed the charge on mitigation of damages, a factor related to proof of actual damages, with the two paragraphs pertaining to nominal damages. Tr. at 172 (June 17, 1986). However, there is no reference in the consequential damage paragraph to nominal damage. That paragraph distinctly refers to consequential damages. "Plaintiffs may recover only such consequential damage as was proximately caused by the violation and not such damages which may have occurred because plaintiffs failed to take steps to mitigate, limit, restrict, or reduce their damages." *Id.* Hence, when read as a whole, it is clear that the question of mitigation of plaintiff's proximately caused damages relates back to the charge on compensatory damages. Tr. at 167.

■ Moreover, if the jury intended the $75,000 award as consequential, they did so

without any basis upon which to make such an assessment. *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652 (1946) (jury may not render a verdict based on speculation or guesswork) (antitrust). The specific finding that plaintiffs had failed to prove damages under either the demand or comparability theories precludes an assessment of compensatory damages, including damages based on a market share theory. *Knutson*, 468 F.Supp. at 240 (award of nominal damages in antitrust action after concluding insufficient evidence to award actual damages); *SCM Corp. v. Xerox Corp.*, 463 F.Supp. 983, 1019 (D.Conn.1978), *aff'd*, 645 F.2d 1195 (2d Cir.1981), *cert. denied*, 455 U.S. 1016, 102 S.Ct. 1708, 72 L.Ed.2d 132 (1982) (finding no rational basis upon which jury could approximate lost profits in antitrust suit). Therefore, even if the charge was unclear, treating the $75,000 as an award of consequential damages would create an irreconcilable inconsistency with the finding as to the two theories of damages claimed and it would violate the law requiring a jury award to be based on a fair and rational assessment of damages rather than guesswork.

■ The finding of no proven damages under either theory of recovery advanced by plaintiffs and the award of nominal damages is totally consistent. Thus, the only problem is the award of $75,000 as nominal damages. As the charge placed only the limit that nominal damages be a minimal sum, it would seem that the jury, considering the wrong done by defendants and the consequent impact on plaintiffs, considered $75,000 to be minimal. Such would not be the result of a misstatement of the law in the charge, but a lack of sufficient specificity or guidance. A new trial is not warranted here. The only apparent confusion by the jury was as to the limit on nominal damages. There is no suggestion that the charge on the claimed theories of damages was confusing. A

---

8. In view of the Supreme Court's ruling in *Carey* and the weight of authority favoring nominal damages, it is unlikely that the Second Circuit would follow its dicta in *Herman Schwabe, Inc.* v. *United Shoe Machinery Corp.*, 297 F.2d 906, 909 n. 4 (2d Cir.1962), and deny nominal damages in antitrust cases. In any event, that case did not consider a limit on nominal damages.

new trial under Rule 49(a) as to the amount of nominal damages would be futile in light of the ruling that nominal damages may not exceed $1.00.

Accordingly, judgment shall enter for plaintiffs for the amount of $3.00 ($1.00 trebled).

## II.

Defendants have also moved to set off, against the award of $3.00 and the eventual award of attorney fees and costs, the amounts received by plaintiffs in settlements with other alleged co-conspirators. Plaintiffs' affidavit states that amount to be $97,000. Defendants also claim a set off of forgiveness of plaintiffs' debt, $23,-500, by four film distributors alleged to be co-conspirators.

■ If an antitrust plaintiff settles with one defendant, such settlement must be deducted from a later jury award against other co-conspirators. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 348, 91 S.Ct. 795, 811, 28 L.Ed.2d 77 (1971); *Burlington Indust. v. Milliken & Co.*, 690 F.2d 380, 393 (4th Cir.1982), *cert. denied*, 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983); *Hydrolevel Corp. v. ASME*, 635 F.2d 118, 130 (2d Cir.1980), *aff'd on other grounds*, 456 U.S. 556, 102 S.Ct. 1935, 72 L.Ed.2d 330 (1982); *Baughman v. Copper-Jarrett, Inc.*, 530 F.2d 529, 534 (3d Cir.), *cert. denied sub nom. Wilson Freight Forwarding Co. v. Baughman*, 429 U.S. 825, 97 S.Ct. 78, 50 L.Ed.2d 87 (1976); *Flintkote Co. v. Lysfjord*, 246 F.2d 368, 397–98 (9th Cir.), *cert. denied*, 355 U.S. 835, 78 S.Ct. 54, 2 L.Ed.2d 46 (1957). The reduction is applied after the actual damage award has been trebled. *Flintkote*, 246 F.2d at 397–98; *accord Hydrolevel Corp.*, 635 F.2d at 130. Nevertheless, plaintiffs argue that this rule should now be changed in light of *Texas Indust.*, 451 U.S. 630, 101 S.Ct. 2061, where it was held that neither federal common law nor statutory law created a right of contribution among alleged antitrust co-conspirators. Congressional consideration of the issue was invited. *Id.* at 646–47, 101 S.Ct. at 2069–70. Reduction of an antitrust

award by the amount of previously reached settlements was not discussed. Reduction of a verdict, after trebling, by settlement amounts has been approved, even though the reasoning behind *Texas Indust.* was held to preclude the defense of claim reduction. *Burlington Indust.*, 690 F.2d at 391–93. The policy originally announced in *Flintkote*, 246 F.2d at 398, that a plaintiff is entitled to but one recovery has never been overruled by the Supreme Court nor Congress and accordingly this court will not devise a new rule. "[A] plaintiff who has recovered any item of damage from one coconspirator may not again recover the same item from another conspirator; the law, that is, does not permit a plaintiff to recover double payment". *Zenith Radio Corp.*, 401 U.S. at 348, 91 S.Ct. at 811.

Defendants further assert that an award of nominal damages should be reduced by amounts received in settlement and that such settlements are also properly deducted from the award of attorney fees and costs. "The law is clear that any consideration received in settlement of antitrust claims must be deducted from the trebled amount of damages." *Hydrolevel*, 635 F.2d at 130. That rule is not shown to have any less justification in relation to nominal damages. To hold otherwise would be illogical.

■ It is beyond dispute that a finding of nominal damages is sufficient for an award of attorney fees. *Knutson*, 479 F.Supp. at 1267–68. Attorney fees and costs are awarded to a prevailing party under 15 U.S.C. § 15. Defendants argue that such should first be reduced by the amount plaintiffs received in their settlements. Defendants correctly cite *Semke v. Enid Automobile Dealers Ass'n*, 320 F.Supp. 445, 447 (W.D.Okl.1970), as holding that the trebled damages, costs and attorney fees constitute one judgment from which prior settlements should be deducted. However, the court did not explain its reasoning for making such a determination. Defendants provide no other case on point in support of their position nor has this court found another case either directly on

point or contrary to the holding discussed. The three basic purposes of the fee award under 15 U.S.C. § 15 are:

> (1) To encourage private enforcement of the antitrust laws, (2) to insure that the cost of doing so does not diminish the treble damage award, and (3) to deter violations of the antitrust laws by requiring the "payment of that fee by a losing defendant as part of his penalty for having violated the antitrust laws."

*State of Illinois v. Sangamo Const. Co.,* 657 F.2d 855, 859–60 (7th Cir.1981), quoting *Farmington Dowell Prod. Co. v. Forster Mfg. Co.,* 421 F.2d 61, 90 (1st Cir.1969). *Accord Twin City Sportservice v. Charles O. Finley & Co.,* 676 F.2d 1291, 1312 (9th Cir.), *cert. denied,* 459 U.S. 1009–10, 103 S.Ct. 364, 74 L.Ed.2d 400 (1982); *Hydrolevel,* 635 F.2d at 130; *International Travel v. Western Airlines,* 623 F.2d 1255, 1273–74 (8th Cir.), *cert. denied,* 449 U.S. 1063, 101 S.Ct. 787, 66 L.Ed.2d 605 (1980). To allow defendants to escape paying the attorney fees and costs by reason of settlement payments denies plaintiffs reimbursement for the costs incurred in litigating and establishing defendants' wrongdoing. Such a result would render nugatory all the elements of this award. It would discourage litigation, leave a plaintiff to absorb his costs and eliminate the penalizing of violators of the antitrust laws. Thus, with justification, the *Semke* rule has apparently not been followed. *Hydrolevel* ruled that settlements should not be deducted from the award before it is trebled and also that it was error to deny reasonable attorney fees. 635 F.2d at 130. It did not hold that the settlement figure should be deducted from the total award of damages, fees and costs. It is clear that the assessment of fees should be a matter separate from any reduction and should be determined so that the fees awarded relate specifically to the culpability of the litigating co-conspirators versus the settling co-conspirators. *Id.* This same analysis was used in *Baughman,* where the court in-

structed the district court as to how it should deduct the settlement and in so doing made clear that the assessment of attorney fees and costs of the suit was a different matter. 530 F.2d at 531–35, n. 2. Such a procedure would sustain the purpose of the statute. Accordingly, the attorney fees and costs to be awarded in this action will not be reduced by previous settlement amounts. In so holding, it is unnecessary to reach the issue of whether the amounts constituting the forgiveness of debt should be added to the total settlement amount.[9]

Plaintiffs' motion for attorney fees, together with supporting papers, shall be filed on or before December 12, 1986.

SO ORDERED.

---

**9.** The issue of prejudgment interest shall be determined with plaintiffs' motion for attorney fees.